## THOMPSON v. GERMAN INS. CO. et al.

### (Circuit Court, D. Nebraska. November 24, 1896.)

**1. CIRCUIT COURT—JURISDICTION—NATIONAL BANKS—STOCKHOLDERS' LIABILITY.**

The circuit court has jurisdiction of an action to ascertain or fix the liability upon shares of an insolvent national bank which are alleged to have been transferred with a fraudulent intent to escape such liability, when the amount of the assessment exceeds $2,000, exclusive of interest and costs.

**2. LIMITATION OF ACTIONS—STATE STATUTES.**

The right of the receiver of an insolvent national bank to enforce the liability of stockholders, though created by United States statute, may be barred by the running of a state statute of limitations. Campbell v. City of Haverhill, 15 Sup. Ct. 217, 155 U. S. 610.

**8. SAME—EQUITY.**

The bar of a statute of limitations will be enforced, when applicable, in equity as well as at law.

**4. SAME—ASSESSMENT—RIGHT OF ACTION.**

The action of the comptroller in making an assessment against the stockholders of an insolvent national bank creates a right of action against the stockholders, but is not the institution of a suit to enforce it, so as to stop the running of limitation. The statute begins to run from the date the assessment becomes due.

This was a suit in equity by S. B. Thompson, receiver of the Central Nebraska National Bank, against the German Insurance Company and others, to recover the amount of an assessment upon certain shares of stock. Demurrers to the bill were sustained and the bill dismissed. Complainant thereupon filed an amended bill (77 Fed. 258), which upon demurrer was also dismissed.

Harry E. O'Neill, for complainant.

Greene & Breckenridge and James McNeny, for defendants.

SHIRAS, District Judge. From the allegations of the bill filed in this case, it appears that the complainant is the receiver of the Central Nebraska National Bank, of Broken Bow, duly appointed to that position by the comptroller of the currency; that on the 13th day of July, 1892, the comptroller made an assessment of 90 per cent. upon the face value of the shares of the capital stock of said national bank, the same being declared to be due and payable on the 3d day of August, 1892. The bill in this case was filed on the 5th day of October, 1896, more than four years after the assessment was made, and after the amount thereof was declared to be due and payable by the terms of the assessment order. The bill, in substance, charges that the German Insurance Company was one of the original shareholders in said bank, having subscribed for and taken 100 shares of the capital stock, of the par value of $100 per share, and that subsequently, with knowledge of the insolvent condition of the bank, the insurance company had transferred said shares to other parties, made defendants herein, for the express purpose of escaping the statutory liability existing against the shareholders of insolvent national banks. The purpose of the bill is to ascertain and fix the liability for the assessment made by the comptroller, the several parties to whom the stock has been transferred being made parties defendant. The amount of the assessment sought to be collected is $9,000.

To this bill demurrers have been interposed, and in support thereof it is first urged that the circuit court of the United States has not jurisdiction of the matter. The controversy is clearly one arising under the laws of the United States, the liability sought to be enforced being one created by the statutes of the United States; and, as the amount involved exceeds $2,000, exclusive of interest and costs, jurisdiction exists in this court, under the express provisions of the acts of congress of 1887 and 1888. The next ground urged in support of the demurrers is that the bill, upon its face, shows that the proceeding is barred by the lapse of time under the provisions of the statutes of the state of Nebraska, which provide that, except in cases for the recovery of real property, actions upon contracts not in writing, express or implied, and actions upon a liability created by statute, other than a penalty or forfeiture, must be brought within four years after the right of action has accrued. Comp. St. Neb. 1895, §§ 5599–5601.

The first question for decision is whether the provisions of the state statute can be relied upon as a bar to a liability created by a statute of the United States. This question, it seems clear to me, has been finally and fully answered by the ruling of the supreme court in Campbell v. Haverhill, 155 U. S. 610, 15 Sup. Ct. 217. It had long been an unsettled problem whether an action for the infringement of a patent was subject to be barred by the statute of limitations of the state wherein the suit was brought, and the circuit courts were divided in opinion thereon. The supreme court, in Campbell v. Haverhill, held that the state statute was applicable, although the right of action was created by the statute of the United States, and the federal courts alone had jurisdiction over actions based upon the statute. Relying upon the doctrine announced in that case, I hold that the fact that this proceeding is based upon a federal statute does not except it from the operation of the state statute of limitations. The fact that this is a proceeding in equity is likewise of no avail against the applicability of the state statute, it being settled, by repeated decisions of the court of appeals in this circuit, that the bar of the statute will be enforced, when applicable, in equity as well as at law. Railway Co. v. Sage, 1 C. C. A. 256, 49 Fed. 315; Rugan v. Sabin, 3 C. C. A. 578, 53 Fed. 415; Hayden v. Thompson, 17 C. C. A. 592, 71 Fed. 60.

On behalf of complainant, it is further suggested that, in substance, this is a proceeding in which the United States is interested, in such sense that the statute will not be held applicable, upon the familiar doctrine that the statute of limitations is not usually held applicable to suits brought by the sovereign power. The proceeding is not in the name of the United States. It is not brought, on behalf of the United States, to enforce any sovereign or governmental right or claim. The proceeding is in the name of the receiver, and is brought to enforce collection of the assessment made upon the stockholders for the benefit of the creditors of the insolvent bank; and the rule sought to be invoked cannot be applied, because the United States is not a party to the pro-

ceeding. In cases of this character the receiver is acting as the trustee and representative of the creditors of the bank, and, as against the creditors, the statute is available. Case v. Terrell, 11 Wall. 199; Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148.

It is also claimed, on behalf of complainant, that the running of the statute was ended when the insolvent bank was put in liquidation,—the thought being, if I correctly apprehend counsel, that the whole process of liquidation, including suits to collect the assets of the corporation, and including therein the assessments made upon the stockholders, is to be deemed to be one proceeding, the same being of a nature to interrupt the running of the statutory period; and in support of this view the case of Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788, is cited. In that case a bill was filed by a judgment creditor of an insolvent bank to enforce his rights as a creditor, and it was in form a bill for the benefit of all the creditors who might come in and join in the proceeding, and the bill expressly prayed that the liability of the stockholders might be ascertained and enforced. It was held by the supreme court that, when other creditors made themselves parties to this proceeding, it must be deemed to be, in their behalf, one continuous suit, so that the running of the statute was interrupted when the original bill was filed. The difference in the facts of that case and one at bar makes the ruling in the former case inapplicable to the question arising on the present record. In Richmond v. Irons the bill was, in effect, filed on behalf of all creditors, to reach the assets of the bank; and the court held that, so long as any portion of these assets remained undistributed, any creditor could make himself party to the proceedings, so as to share in future distributions, and that, as the bill filed sought to enforce the liability of certain stockholders, the filing thereof prevented the running of the statute in favor of all creditors who subsequently became parties to the bill. In that case the suit in equity to enforce the statutory liability was filed before the bar of the statute had accrued, and the ruling of the supreme court is simply to the effect that the bill was filed for the benefit of all creditors who subsequently joined in the proceeding. In the case at bar no suit was commenced until after the expiration of four years after the assessment was made by the comptroller. It is well settled that the statute begins to run from the date the call or assessment becomes due and payable. Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739; Glenn v. Liggett, 135 U. S. 533, 10 Sup. Ct. 867; Glenn v. Marbury, 145 U. S. 499, 12 Sup. Ct. 914; Liggett v. Glenn, 2 C. C. A. 286, 51 Fed. 381.

The contention of complainant is that the putting of the bank into liquidation, and the act of the comptroller in making the assessment of 90 per cent. upon the capital stock, is the equivalent of the filing of the creditors' bill in the case of Richmond v. Irons, and that thereby the running of the statute was prevented. The act of the comptroller in making the assessment created a right of action against the stockholders, but it was not the institution of a suit for the enforcement of the right of action thus called into

being. When the assessment became due and payable the receiver possessed the right to enforce payment thereof by the appropriate proceedings in court. As soon as this right of action accrued to the receiver, the statute of limitations began to run in favor of the stockholders, and the full period to complete the bar had terminated before this suit was brought. In Richmond v. Irons the creditors' bill filed in the court was for the purpose of enforcing the right of action against the stockholders. In the case at bar the act of the comptroller in making the assessment created a right of action against the stockholders, but the comptroller did not nor could he grant an order enforcing this right of action. The remedy for the enforcement of the right was by an appropriate action in court, and it is this remedy which may be barred by the lapse of time, and in my judgment the bar has become effectual in this case, in that it appears that under the statute of Nebraska actions of this character must be brought within four years from the time the right of action accrues, and the bill shows that this proceeding was not commenced within that period after the assessment became due and demandable. Upon this ground, therefore, the demurrers are sustained, and the bill is dismissed, at cost of complainants.