McCLAINE *v.* RANKIN.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 58. Argued November 10, 1904.—Decided March 6, 1905.

In the absence of any provision of the act of Congress creating the liability of stockholders of national banks, fixing a limitation of time for commencing actions to enforce it, the statute of limitations of the particular State is applicable.

Although a statutory liability may be contractual, or *quasi*-contractual

in its nature, an action given by statute is not necessarily to be regarded as brought on simple contract, or breach of simple contract.

The liability of stockholders of national banks is conditional, and the right to sue does not obtain until the Comptroller of the Currency has acted; his order is the basis of the suit, and the statute of limitations does not commence to run until assessment made, and then it runs as against an action to enforce the statutory liability and not an action for breach of contract.

As the statute of limitations of Washington has been construed by the courts of that State the time within which such an action must be brought is two years under § 4805, Ballinger's Code, and not within three years under subd. 3 of § 4800.

THE First National Bank of South Bend, Washington, became insolvent and was closed August 10, 1895, and on the seventeenth day of the same month one Heim was appointed receiver, who was succeeded by Aldrich, and Aldrich by George C. Rankin.

August 17, 1896, the acting Comptroller of the Currency levied an assessment against the shareholders of the bank in enforcement of their statutory liability. Adolphus F. Mc-Claine, one of the stockholders, was notified of the levy, and demand was duly made of him to pay the assessment on or before September 17, 1896, and shortly thereafter an action was commenced against him by the receiver to recover the same. Pending the action, efforts to settle the claim were made. Subsequently, the action was dismissed. Thereupon the receiver brought an action against McClaine upon an alleged contract of compromise, which went to trial, and the receiver took a non-suit. The present action was then brought on the assessment, August 15, 1899, and McClaine set up the statute of limitations by demurrer, which the Circuit Court sustained, and dismissed the action. 98 Fed. Rep. 378. The cause was taken to the Circuit Court of Appeals, and the judgment of the Circuit Court reversed. 106 Fed. Rep. 791.

The case having been remanded, the Circuit Court overruled the demurrer, McClaine answered, and a trial was had, resulting in judgment for the receiver, which was affirmed by

the Circuit Court of Appeals. 119 Fed. Rep. 110. This writ of error was then brought.

The following are sections of the statutes of Washington in relation to limitations, as found in Ballinger's Codes:

"SEC. 4796. Actions can only be commenced within the periods herein prescribed after the cause of action shall have accrued, except when in special cases a different limitation is prescribed by statute; but the objection that the action was not commenced within the time limited can only be taken by answer or demurrer.

"SEC. 4797. The period prescribed in the preceding section for the commencement of actions shall be as follows: . . .

"SEC. 4798. Within six years: 1. An action upon a judgment or decree of any court of the United States, or of any State or Territory within the United States;

"2. An action upon a contract in writing, or liability express or implied arising out of a written agreement;

"3. An action for the rents and profits or for the use and occupation of real estate."

"SEC. 4800. Within three years: 1. An action for waste or trespass upon real property;

"2. An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated;

"3. An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument;

"4. An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;

"5. An action against a sheriff, coroner, or constable upon a liability incurred by the doing of an act in his official capacity and by virtue of his office, or by the omission of an official duty, including the non-payment of money collected upon

an execution; but this subdivision shall not apply to action for an escape;

"6. An action upon a statute for penalty or forfeiture, where an action is given to the party aggrieved, or to such party and the State, except when the statute imposing it prescribed a different penalty [limitation];

"7. An action for seduction and breach of promise of marriage."

"SEC. 4805. An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

*Mr. T. O. Abbott* for plaintiff in error:

The action is barred by the Washington statute of limitations. Ballinger's Codes, §§ 4796, 4800, 4805.

In Washington there is no statute relating in express language to a liability created by statute, "except for a forfeiture or penalty." An action to enforce such a liability therefore comes within the provision of § 4805, above quoted, because it is an action upon a liability for which no relief is "hereinbefore provided for." *Spokane* v. *Stevens,* 12 Washington, 667; *Ballard* v. *West Coast Co.,* 15 Washington, 572; *State* v. *Ballard,* 16 Washington, 418; *Seattle* v. *De Wolfe,* 17 Washington, 349.

The court below failed to distinguish the rule and relied on *Bank* v. *Hawkins,* 174 U. S. 364; but see *contra, McDonald* v. *Thompson,* 184 U. S. 71. *Howarth* v. *Angle,* 56 N. E. Rep. 489, and *Howarth* v. *Lombard,* 56 N. E. Rep. 888, can be distinguished, see *Chapman* v. *Morrell,* 20 California, 137; *Bliss* v. *Sneath,* 119 California, 530; *Wilson* v. *Brook,* 13 Washington, 676; Thompson on Corp. § 1991; Wood Stat. of Lim., 3d ed., § 36; *Robertson* v. *Blaine County,* 90 Fed. Rep. 63; *Bullard* v. *Bell,* 1 Mason, 243; *S. C.,* Fed. Cas. No. 2121; *Shaw* v. *Nor. Pac. R. R. Co.,* 101 U. S. 557; *Johnson* v. *Southern Pacific Ry. Co.,* 117 Fed. Rep. 462.

*Mr. F. F. Oldham* for defendant in error, contended that

the action is not barred by the two-year provision of the statute of limitations of the State but falls under the three-year provisions. *Bank* v. *Hawkins*, 174 U. S. 364, and cases cited in opinion in this case below, 106 Fed. Rep. 791.

MR. CHIEF JUSTICE FULLER, after making the foregoing statement, delivered the opinion of the court.

It is conceded that, in the absence of any provision of the act of Congress creating the liability, fixing a limitation of time for commencing actions to enforce it, the statute of limitations of the particular State is applicable. Rev. Stat. § 721; *Campbell* v. *Haverhill*, 155 U. S. 610. If, then, this action was barred by the statute of limitations of the State of Washington, that ended it, and both judgments below must be reversed and the cause remanded to the Circuit Court with a direction that judgment be entered for defendant.

Reference to the state statutes shows that subdivision 2 of § 4798 relates to "an action upon a contract in writing, or liability express or implied arising out of a written agreement," while subdivision 3 of § 4800 relates to "an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument." The one relates to contracts or liabilities growing out of contracts in writing, and the other to contracts or liabilities growing out of contracts not in writing. The receiver's contention is that the case falls within subdivision 3 of § 4800, imposing the limitation of three years. If it does not, it is not otherwise provided for, and falls within § 4805, which fixes the limitation at two years.

And as this action was commenced within three years, but not within two years, after the assessment became due and payable, the question is whether subdivision 3 of § 4800 applies.

It is contended that the meaning of the word "liability" as used in that subdivision is not restricted to contract liabilities, but reading it with subdivision 2 of § 4798, and in

view of the enumeration of other actions to enforce liabilities, we think that this cannot be so, and, indeed, the subdivision has been construed by the Supreme Court of Washington as applicable only to contracts. *Suter* v. *Wenatchee Water Power Company*, 35 Washington, 1; *Sargent* v. *Tacoma*, 10 Washington, 212. The Circuit Court was of that opinion when the case was originally disposed of, and held that the cause of action arose by force of the statute and did not spring from contract. 98 Fed. Rep. 378. But that judgment was reversed by the Circuit Court of Appeals on the ground that the liability was not only statutory but contractual as well, and that the limitation of three years applied in the latter aspect. 106 Fed. Rep. 791. Conceding that a statutory liability may be contractual in its nature, or more accurately, *quasi*-contractual, does it follow that an action given by statute should be regarded as brought on simple contract, or for breach of a simple contract, and, therefore, as coming within the provision in question?

The national bank act provides that "the shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares." Rev. Stat. § 5151.

And under other sections the duty is imposed on the Comptroller of the Currency to give the creditors of an insolvent national bank the benefit of the enforcement of this personal liability, and to decide whether the whole, or a part, and, if only a part, how much, shall be collected, he being also authorized to make more than one assessment, as circumstances may require. *Kennedy* v. *Gibson*, 8 Wall. 498; *Studebaker* v. *Perry*, 184 U. S. 258, and cases cited. But even his decision does not determine the liability except as to contracts, debts, and engagements of the bank lawfully incurred. *Schrader* v. *Manufacturers' National Bank*, 133 U. S. 67.

The liability is conditional, the statutes of limitation do not commence to run until after assessment has been made. *McDonald* v. *Thompson*, 184 U. S. 71.

In the latter case the statute of Nebraska provided (§ 10) that actions must be commenced within five years, "upon a specialty, or any agreement, contract or promise in writing, or foreign judgment;" and (§ 11) within four years "upon a contract not in writing, express or implied; an action upon a liability created by statute other than a forfeiture or penalty."

The action was brought on an assessment upon the stockholders of a national bank to the amount of the par value of the shares, and not to recover an amount unpaid on the original subscription, and it was held that the five-year limitation did not apply, because the cause of action was not upon a written contract, but that the four-year limitation applied, "whether the promise raised by the statute was an implied contract not in writing or a liability created by statute," no distinction between them as to the limitation being made by the state statute. And Mr. Justice Brown, speaking for the court, said: "Whether the promise raised by the statute was an implied contract not in writing or a liability created by statute, it is immaterial to inquire. For the purposes of this case it may have been both. The statute was the origin of both the right and the remedy, but the contract was the origin of the personal responsibility of the defendant. Did the statute make a distinction between them with reference to the time within which an action must be brought it might be necessary to make a more exact definition; but as the action must be brought in any case within four years, it is unnecessary to go further than to declare what seems entirely clear to us, that it is not a contract in writing within the meaning of section 10 of the Nebraska act." And it was also said: "Granting there was a contract with the creditors to pay a sum equal to the value of the stock taken, in addition to the sum invested in the shares, this was a contract created by the statute, and obligatory upon the stockholders by reason of

the statute existing at the time of their subscription; but it was not a contract in writing within the meaning of the Nebraska act, since the writing—that is, the subscription—contained no reference whatever to the statutory obligation and no promise to respond beyond the amount of the subscription. In none of the numerous cases upon the subject in this court is this obligation treated as an express contract, but as one created by the statute and implied from the express contract of the stockholders to take and pay for shares in the association."

In the present case the limitation imposed on an action upon a statute for penalty or forfeiture, where an action was given, was three years (sub. 6, § 4800), and on any other action to enforce a statutory liability was two years, because not otherwise provided for, and, therefore, the question must be met whether this is an action brought on a contract or not. But it is an action to recover on an assessment levied by the Comptroller of the Currency by virtue of the act of Congress, and although the shareholder in taking his shares subjected himself to the liability prescribed by the statute, the question still remains whether that liability constituted a contract within the meaning of the statute of limitations of the State of Washington.

Some statutes imposing individual liability are merely in affirmation of the common law, while others impose an individual liability other than that at common law. If § 5151 had provided that subscribing to stock or taking shares of stock amounted to a promise directly to every creditor, then that liability would have been a liability by contract. But the words of § 5151 do not mean that the stockholder promises the creditor as surety for the debts of the corporation, but merely impose a liability on him as secondary to those debts, which debts remain distinct, and to which the stockholder is not a party. The liability is a consequence of the breach by the corporation of its contract to pay, and is collateral and statutory. *Brown* v. *Eastern Slate Company*, 134 Massa-

chusetts, 590; *Platt* v. *Wilmot,* 193 U. S. 602. In *Matteson* v. *Dent,* 176 U. S. 521, the stock still stood in the name of the decedent, and it was decided that the statutory liability was a debt within the state law, but not that it was a true contract.

It is true that in particular cases the liability has been held to be in its nature contractual, yet it is nevertheless conditional, and enforcible only according to the Federal statute, independent of which the cause of action does not exist, so that the remedy at law in effect given by that statute is subject to the limitations imposed by the state statute on such actions.

Cases such as *Carrol* v. *Green,* 92 U. S. 509, and *Metropolitan Railroad Company* v. *District of Columbia,* 132 U. S. 1, are not controlling, for in them the right to recover was direct and immediate and not secondary and contingent. In *Metropolitan Railroad Company* v. *District of Columbia,* the charter of the company provided "that the said corporation hereby created shall be bound to keep said tracks, and for the space of two feet beyond the outer rail thereof, and also the space between the tracks, at all times well paved and in good order, without expense to the United States or to the city of Washington." The declaration set out a large amount of paving done by the city, which it was averred should have been done by the company. The action was based on the implied obligation on the part of defendant to reimburse plaintiff for moneys expended in performing the duty, which the statute imposed on defendant. In *Carrol* v. *Green* it was said: "According to the statute, the liability of 'each stockholder' arose upon 'the failure of the bank.' The liability gave at once the right to sue; and, by necessary consequence, the period of limitation began at the same time."

But here the right to sue did not obtain until the Comptroller of the Currency had acted, and his order was the basis of the suit. The statute of limitations did not commence to run until assessment made, and then it ran as against an action

to enforce the statutory liability and not an action for breach of contract.

We think that subdivision 3 of § 4800 did not apply, and that § 4805 did.

*The judgment of the Circuit Court of Appeals is reversed; the judgment of the Circuit Court is also reversed, and the cause remanded to that court with a direction to sustain the demurrer and enter judgment for defendant.*

MR. JUSTICE WHITE, with whom concur MR. JUSTICE BROWN and MR. JUSTICE McKENNA, dissenting.

The statutes of the State of Washington limit to three years the right to bring "an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument." The cause of action here involved is now held not to be embraced within this statute, and therefore barred by the following provision: "An action for relief, not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued."

The liability sought to be enforced is the obligation of a shareholder of a national bank to pay an amount equal to the par of his shares of stock. The Circuit Court held the action not to be one upon contract, but to enforce a conditional liability imposed by the law as an incident to ownership of bank stock, and therefore barred by two years. 98 Fed. Rep. 378. The Circuit Court of Appeals reversed this judgment, and decided that the period of limitation was three years, because the liability was contractual. 106 Fed. Rep. 791.

In *Suter* v. *Wenatchee Water Power Company*, decided April 18, 1904, 35 Washington, 1, the Supreme Court of Washington construed the provision of the statutes of limitation here involved, providing that an action might be brought within three years "upon a contract or liability, express or implied, which is not in writing," and held that it did not embrace torts, "but was evidently intended to refer to a con-

tractual liability." The court in its opinion, among other authorities, referred to this case as decided below, saying:

"Such, in effect, was the decision in *Sargent* v. *Tacoma*, 10 Washington, 212, 215. The same statute was so construed by the United States Circuit Court, District of Washington, in *Aldrich* v. *Skinner*, 98 Fed. Rep. 375, and also in *Aldrich* v. *McClaine*, 98 Fed. Rep. 378. The last-named case was, on appeal to the United States Circuit Court of Appeals, reversed. *Aldrich* v. *McClaine*, 106 Fed. Rep. 791. The reversal was, however, upon the ground that the liability involved was a contractual one, the lower court having held otherwise. The appellate court construed the statute itself as did the lower court."

It might well be considered that the Supreme Court of Washington regarded the interpretation of the Court of Appeals as harmonizing with its own views of the meaning of the provision in question. But be this as it may, the prior decisions of this court to me seem conclusive, since, in deciding various questions concerning the liability of stockholders in national banks to pay the double liability, this court has expressly held that such liability is contractual. *Matteson* v. *Dent*, 176 U. S. 521, 525, 526; *Concord First National Bank* v. *Hawkins*, 174 U. S. 364, 372; *Richmond* v. *Irons*, 121 U. S. 27, 55, 56. In *Richmond* v. *Irons* the court said (pp. 55, 56):

"Under that act the individual liability of the stockholders is an essential element in the contract by which the stockholders became members of the corporation. It is voluntarily entered into by subscribing for and accepting shares of stock. Its obligation becomes a part of every contract, debt, and engagement of the bank itself, as much so as if they were made directly by the stockholder instead of by the corporation. There is nothing in the statute to indicate that the obligation arising upon these undertakings and promises should not have the same force and effect, and be as binding in all respects, as any other contracts of the individual stockholder. We hold, therefore, that the obligation of the stockholder survives as

against his personal representatives. *Flash* v. *Conn*, 109 U. S. 371; *Hobart* v. *Johnson*, 19 Blatchford, 359. In Massachusetts it was held, in *Grew* v. *Breed*, 10 Met. 569, that administrators of deceased stockholders were chargeable in equity, as for other debts of their intestate, in their representative capacity."

In *Matteson* v. *Dent* the evidence showed that at the time of the death of Matteson he was the owner of ten shares of stock in a national bank, a going concern. His widow and heirs, by the decree of a probate court of Minnesota, became the joint and undivided owners of the stock, which continued, however, to stand in the name of Matteson. Thereafter the bank failed, and, on the ground that they had received assets of the estate, a suit was brought against the widow and heirs for the amount of an assessment made by the Comptroller against the stock. The suit was defended on two grounds, first, that the assessment was not binding, because the bank had not failed at the time of Matteson's death and at the time when, by the decree of the probate court, the widow and heirs had become the owners in indivision of the stock; and, second, that under the national banking law they could only be made liable in any event, each in proportion to his or her interest in the stock. In considering the first ground the court, approvingly citing the passage from *Richmond* v. *Irons* above quoted, said (p. 524):

"Because the insolvency of the bank took place after the death of Matteson, did it result that the assessment, which was predicated upon the insolvency, was not a debt of his estate? To so decide the statute must be construed as imposing the liability on the shareholder for the amount of his subscription when necessary to pay debts, only in case insolvency arises during the lifetime of the shareholder. In other words, that all liability of shareholders, to contribute to pay debts, ceases by death. This construction, however, would be manifestly unsound. The obligation of a subscriber to stock, to contribute to the amount of his subscrip-

tion for the purpose of the payment of debts, is contractual, and arises from the subscription to the stock. True, whether there is to be a call for the performance of this obligation depends on whether it becomes necessary to do so in consequence of the happening of insolvency. But the obligation to respond is engendered by and relates to the contract from which it arises. This contract obligation, existing during life, is not extinguished by death, but like other contract obligations survives and is enforceable against the estate of the stockholder."

And the same principle has been applied to similar liabilities imposed upon stockholders in state corporations, the court uniformly holding that the liability, although statutory in its origin, was contractual in its nature, and therefore the cause of action was transitory. *Whitman* v. *Oxford National Bank,* 176 U. S. 559; *Flash* v. *Conn,* 109 U. S. 371.

In *Whitman* v. *Bank,* discussing a statute of the State of Kansas, the court, through Mr. Justice Brewer, said (p. 563):

"The liability which by the constitution and statutes is thus declared to rest upon the stockholder, though statutory in its origin, is contractual in its nature. It would not be doubted that if the stockholders in this corporation had formed a partnership, the obligations of each partner to the others and to creditors would be contractual, and determined by the general common law in respect to partnerships. If Kansas had provided for partnerships with limited liability, and these parties, complying with the provisions of the statute, had formed such a partnership, it would also be true that their obligations to one another and to creditors would be contractual, although only in the statute was to be found the authority for the creation of such obligations. And it is none the less so when these same stockholders organized a corporation under a law of Kansas, which prescribed the nature of the obligations which each thereby assumed to the others and to the creditors. While the statute of Kansas permitted the forming of the corporation under certain conditions, the action

of these parties was purely voluntary. In other words, they entered into a contract authorized by statute."

And the 'principle sustained by the previous decisions of this court is also supported by the decisions of state courts of last resort. Thus, the Supreme Judicial Court of Maine in *Pulsifer* v. *Greene*, 96 Maine, 438, held the doctrine to be consonant with reason and natural justice and sustained by the weight of authority, the court citing not only the decisions of this court previously referred to, but also decisions of the courts of California, Connecticut, Illinois, Kansas, Massachusetts and Michigan. And the decisions of the state courts of last resort thus referred to were in many cases in part rested upon the previous adjudications of this court to which I have referred, those decisions being considered as conclusive on the subject of the contract nature of the liability. My mind sees no reason for saying that the doctrine thus settled is not applicable to a statute of limitations, for if the liability of the stockholder be contractual, for the purpose of enforcing the obligation, it is not by me perceived upon what principle it can be held that it is not contractual but purely statutory for the purpose of determining whether an action to enforce the liability is barred by a statute of limitations. But the unsoundness of the distinction as an original question in my opinion does not require to be demonstrated, since it is absolutely foreclosed by previous decisions of this court. Thus, in *Carrol* v. *Green*, 92 U. S. 509, an action against stockholders of a South Carolina bank to enforce a double liability provided for in the act of incorporation, it was expressly held that as the liability was contractual it was barred by a statute of limitations applicable to simple contract indebtedness. Reference was made to decisions of the courts of New York and Massachusetts, holding the same doctrine in analogous cases (pp. 514, 515), and, in concluding the opinion, the court expressly noticed and overruled the contention "that the liability here in question being created by a statute is to be regarded as a debt by specialty."

*Carroll* v. *Green* was subsequently approved and followed in *Metropolitan Railroad* v. *District of Columbia*, 132 U. S. 1. The action was to recover the cost of certain street paving, the liability being recited in the act of incorporation. The trial court overruled demurrers to pleas of the statute of limitations, among other reasons, upon the ground that the action was founded on a statute, and that the statute of limitations did not apply to actions founded on statutes or other records or specialties. This ruling was held to be erroneous, the court saying (p. 12):

"It is an action on the case upon an implied assumpsit arising out of the defendant's breach of a duty imposed by statute, and the required performance of that duty by the plaintiff in consequence. This raised an implied obligation on the part of the defendant to reimburse and pay to the plaintiff the moneys expended in that behalf. The action is founded on this implied obligation, and not on the statute, and is really an action of assumpsit. The fact that the duty which the defendant failed to perform was a statutory one, does not make the action one upon the statute. The action is clearly one of those described in the statute of limitations."

To avoid the controlling effect of these rulings upon this case, on the theory that by virtue of the statutes which were considered in *Carrol* v. *Green*, and the *Metropolitan Railroad* case, the right to recover was direct and immediate, whilst in the case at bar, in consequence of provisions of the national banking act, the right to recover is secondary and contingent, is in effect, in my opinion, to overrule the cases in this court determining that the liability of a stockholder in a national bank is contractual. This becomes apparent when the ground of the alleged distinction is considered. That ground is this, that as the national banking act empowers the Comptroller to determine the necessity for an assessment on the stockholders of national banks and to make a call for such assessment, thereby the obligation of the stockholder becomes secondary and contingent, and hence statutory and not con-

tractual. To me it seems that this interpretation, whilst overruling the previous cases also originally considered, gives to the national banking act an erroneous construction. The mere fact that the act gives to the Comptroller the power of making a call on stockholders for the purpose of enforcing their contract liability, in my judgment lends no support to the proposition that the ministerial duty created to better enforce the contract must be considered as destroying the contract itself. The consequences which must arise from the new construction now placed upon the national banking act, it seems to me, will be of the most serious nature, and being unable to agree with such construction I cannot concur in the opinion and judgment of the court.

I am authorized to say that MR. JUSTICE BROWN and MR. JUSTICE MCKENNA join this dissent.