### McNAIR v. BURT et al.
### No. 6998.

Circuit Court of Appeals, Fifth Circuit.
Feb. 7, 1934.

**BRYAN, Circuit Judge.**

This is an appeal from an order dismissing on motion a bill of complaint brought by the receiver of a failed national bank against its former directors. The bill seeks an accounting and recovery for losses sustained by the bank because of dividends paid out of capital assets and improvident and excessive loans made or permitted by the majority of the board of directors with the acquiescence of the minority. There is no charge of conspiracy or concealment of any act complained of; on the contrary, it is repeatedly alleged that the directors disregarded frequent warnings given to them by national bank examiners and the Comptroller of the Currency concerning the loans, although it is also asserted that the stockholders and creditors of the bank were kept in ignorance of the management of its affairs until after the closing of the bank and the appointment of a receiver. During the period covered by the prayer for accounting new directors were from time to time elected on the board; at least one of them served from some time in 1926 until the bank closed in July, 1929. No charge was made against that director of active participation in or of personal benefit derived from any violation of duty. Of the dividends and loans in question, some were made within five years, others within four years, but none within three years, before January 7, 1932, the date of bringing suit. The motions to dismiss were sustained on the ground that the suit was barred by a Florida statute which prescribes a limitation of three years for an action upon an "obligation or liability not founded upon an instrument of writing." C. G. L. § 4663 (5).

As this is a case which could have been brought in an action at law, the jurisdiction at law and in equity is concurrent. In such a case of concurrent jurisdiction, the equity court does not enforce the doctrine of laches, but instead is bound by the statute of limitations which governs in actions at law. Metropolitan Nat. Bank v. St. Louis Dispatch Co., 149 U. S. 436, 448, 13 S. Ct. 944, 37 L. Ed. 799; Curtis v. Connly, 257 U. S. 260, 42 S. Ct. 100, 66 L. Ed. 222. There is no applicable federal statute of limitations, and therefore the appropriate state statute on that subject controls. McClaine v. Rankin, 197 U. S. 154, 25 S. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500; Curtis v. Connly, supra. Appellant argues that, whatever statute of limitations is applicable, it did not begin to run until the bank closed, because until then

Kenneth I. McKay, of Tampa, Fla., for appellant.

D. C. Hull and Joseph A. Scarlett, both of De Land, Fla., and Fred B. Noble, John C. Cooper, Jr., and H. P. Adair, all of Jacksonville, Fla., for appellees.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

the stockholders and creditors of the bank were without knowledge of its affairs or financial condition. This argument fails when it is recalled that there is no claim of conspiracy or concealment; that bank examiners and the Comptroller of the Currency knew about the condition of the bank, that the personnel of the board of directors did not always remain the same, since new directors were elected from time to time to represent the stockholders, and that the stockholders themselves always had the right to inspect the books and ascertain the manner in which the affairs of the bank were being administered. Corsicana National Bank v. Johnson, 251 U. S. 68, 40 S. Ct. 82, 64 L. Ed. 141; Curtis v. Connly, supra; Anderson v. Gailey (D. C.) 33 F.(2d) 589; Hughes v. Reed (C. C. A.) 46 F.(2d) 435. Appellant next contends that the state statute of limitations applicable here is the one of five years, which is provided for "an action upon any contract, obligation or liability founded upon an instrument of writing not under seal." C. G. L. § 4663 (3). To sustain this position he argues that the oath which each director of a national bank is required by 12 USCA § 73 to take, that he will diligently and honestly administer the affairs of the bank, and will not knowingly violate, or willfully permit to be violated, any of the provisions of the National Banking Act (see 12 USCA § 21 et seq.) is an instrument of writing, within the meaning of the just-quoted five-year statute of limitations, upon which the cause of action here asserted may be maintained. The suggestion is a novel one, and no authority is cited in support of it. The statutory oath required of national bank directors exacts a solemn pledge and also serves as documentary proof to show who the directors were at any given time, but it does not itself evidence or disclose any contract, obligation, or liability, which is made the foundation for a civil action. This suit must rest, not upon the oath, but upon the statutory and common-law right to recover for negligence and dereliction of duty in the management of the bank's affairs. Appellant finally relies upon a state statute which bars within four years "any action for relief not specifically provided for in this Chapter," C. G. L. § 4663 (4), and cites Corsicana National Bank v. Johnson, supra, and McClaine v. Rankin, supra, in each of which a similar general statute was held applicable. The first of these cases arose in Texas and the other in Washington. In neither state was there a provision similar to that of the Florida statute concerning obli-

gations or liabilities "not founded upon an instrument of writing." Therefore, in our opinion, neither of the two cases last cited is authority upon the point now under consideration. The four-year statute of Florida is not applicable because of the three-year statute. The three-year statute is applicable for the reason that the obligation or liability sued on was not founded upon an instrument of writing. It follows that the District Court did not err in dismissing appellant's bill of complaint.

The decree is affirmed.