## CULHANE v. SMITH.

### No. 534.

District Court, N. D. Illinois, W. D.

May 7, 1937.

Charles H. Linscott, of Rockford, Ill., for plaintiff.

Hall & Dusher, of Rockford, Ill., for defendant.

WOODWARD, District Judge.

This is an action brought by the receiver of a closed national bank to recover an assessment levied by the comptroller upon the stockholders of the bank. The assessment was levied on July 7, 1931, payable August 14, 1931. The suit was started July 30, 1936. The defendant moves to dismiss the suit on the ground that it is barred by the statute of limitations.

The Illinois statute of limitations controls. McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann. Cas. 500. The pertinent Illinois statutes are:

"Actions for damages for an injury to the person * * * or for a statutory

penalty * * * shall be commenced within two years next after the cause of action accrued." Section 15, c. 83, Smith-Hurd Ill.Stats., Par. 15, c. 83, Ill.Rev. Stat.1935.

"Actions on unwritten contracts, expressed or implied * * * and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." Section 16, c. 83, Smith-Hurd Ill.Stats., par. 16, c. 83, Ill.Rev.Stat.1935.

"Actions on * * * written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued." Section 17, c. 83, Smith-Hurd Ill. Stats., par. 17, c. 83, Ill.Rev.Stat.1935.

■ The liability imposed by the statute is a statutory liability, McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500, and hence neither section 14 nor 16 of the limitations act of Illinois (section 15 nor 17, c. 83, Smith-Hurd Ill.Stats. par. 15, nor 17, c. 83, Ill.Rev.Stat.1935) is applicable, the suit not being for a statutory penalty nor one based upon a written contract or other evidence of indebtedness in writing. Under the Illinois limitations act, there is no specific reference to the time within which an action based upon a statutory liability must be commenced. An action based upon a statutory liability falls within the comprehensive language of section 15 of the Illinois limitations act (section 16, c. 83, Smith-Hurd Ill.Stats., par. 16, c. 83, Ill.Rev.Stats.1935), providing that actions on "all civil actions not otherwise provided for" must be brought within five years. The court holds that the Illinois five-year statute is applicable.

■ Under the Illinois statute, an action cannot be maintained until "the cause of action accrued." The statute does not provide, as do the statutes of some other states, that an action upon a statutory liability may be brought when the liability was incurred. There is a broad distinction between the incurring of a liability and the maturing of the liability as a prerequisite to suit. The assessment made by the comptroller fixed the liability of the stockholders. At that time the liability became certain. To determine whether this action is barred by section 15 of the Illinois limitations act, it is necessary to fix definitely the date when the cause of action accrued.

"A cause of action cannot be said to have accrued until it exists as a complete right, which some person, as the owner of such right, or as the representative of others, may enforce immediately by going into court and filing the necessary papers, upon which process may issue, to bring the adverse party within the jurisdiction of the court." Aldrich v. Skinner (C.C.) 98 F. 375, 377.

■ In this case the assessment was levied on July 7, 1931. By its terms it did not become payable until August 14, 1931. The case is comparable to a note bearing date July 7, 1931, and by its terms maturing on August 14, 1931. The right of action in such case did not accrue until the maturity of the note. In the case at bar, the court holds that the Illinois five-year statute of limitations began to run on the date fixed by the comptroller for the payment of the statutory liability of the stockholder. The action, having been commenced within less than five years of the date when the assessment became payable, is not barred by the Illinois statute of limitations. It follows that the motion to dismiss the complaint must be overruled.

The court is aware of the fact that many cases may be found, in the District, Circuit, and Supreme Courts of the United States, which seem to hold that the right of action accrues on the date of the assessment made by the comptroller. Each case, however, must be interpreted with reference to the peculiar provisions of the several state statutes invoked. Judge Wilbur, in the case of Johnson v. Greene (C.C.A.9th Cir.) 88 F.(2d) 683, 684, states that:

"In considering the federal cases, it should be remembered that in dealing with the statute of limitations there can be no uniformity of decision nor any federal rule, as in each case the applicable statute is that of the state in which the action is brought. To justly appraise the effect of the decisions of the federal courts, including those of the Supreme Court, the state statutes under consideration must be noted and compared with those of the state to be applied in the given case."

The conclusion at which the court has arrived would seem to be supported by

**228**

some language in the case of McDonald v. Thompson, 184 U.S. 71, 22 S.Ct. 297, 46 L.Ed. 437, involving the applicable Nebraska statute. The suit was on a stockholder's liability. The comptroller on June 10, 1893, made an assessment payable July 10, 1893. Suit was brought May 20, 1898. The statute of limitations was interposed as a defense. The court held the four-year statute applicable and said:

"As the cause of action in this case accrued on July 10, 1893, when the assessment was made payable (Hawkins v. Glenn, 131 U.S. 319, 9 S.Ct. 739, 33 L. Ed. 184; Glenn v. Marbury, 145 U.S. 499, 12 S.Ct. 914, 36 L.Ed. 790; Thompson v. German Insurance Company (C.C.) 76 F. 892; Van Pelt v. Gardner, 54 Neb. 701, 74 N.W. 1083, 75 N.W. 874), and the action was begun on May 20, 1898, more than four but less than five years thereafter, the case really turns upon the question whether the action is upon [a] 'a contract or promise in writing,' or [b] 'upon a contract not in writing, express or implied,' or [c] 'upon a liability created by statute.'"

In the case of Thompson v. German Insurance Company (C.C.) 76 F. 892, 894, Judge Shiras says:

"The act of the comptroller in making the assessment created a right of action against the stockholders, but it was not the institution of a suit for the enforcement of the right of action thus called into being. When the assessment became due and payable the receiver possessed the right to enforce payment thereof by the appropriate proceedings in court. As soon as this right of action accrued to the receiver, the statute of limitations began to run in favor of the stockholders, and the full period to complete the bar had terminated before this suit was brought."

The suggestion has been made that the comptroller is without power to fix a date of payment. The powers of the comptroller are very extensive and the discretion vested in him by statute is very broad. The court is of opinion that the comptroller had the power and the discretion to fix a date of payment. Kennedy v. Gibson, 8 Wall. 498, 505, 19 L.Ed. 476; Rankin v. Barton, 199 U.S. 228, 232, 26 S.Ct. 29, 50 L.Ed. 163.

The motion to dismiss is overruled.