## FUTRALL v. BARTEE et al.
### No. 4.

District Court, W. D. Arkansas, El Dorado Division.

July 22, 1939.

L. W. Bower, of Camden, Ark., for plaintiff.

Gaughan, McClellan & Gaughan, of Camden, Ark., for defendant H. L. Berg.

W. M. Powell, of Camden, Ark., for defendant J. S. Bartee, trustee.

RAGON, District Judge.

The parties to the above entitled action have stipulated that this suit was filed and summons issued more than three years, and less than five years, from the due date of the assessment by the Comptroller, of the stock liability alleged to exist in plaintiff's petition. The court is called upon to determine whether the three year or five year statute of limitations in Arkansas (Pope's Dig.Ark. §§ 8928, 8933) applies to this cause of action.

The Supreme Court of the United States has in McClaine v. Rankin, 197 U. S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann. Cas. 500, held that in the absence of any provision of the Act of Congress (Revised Statutes, § 5151, 12 U.S.C.A. § 63) creating the liability, fixing a limitation of time for commencement of actions to enforce it, the statute of limitations of the particular State is applicable.

On March 6, 1939, the Supreme Court of Arkansas in the case of Vandover, Receiver, v. Lumber Underwriters, 126 S.W. 2d 105, 110, in passing upon Hospelhorn, Receiver, v. Burke, 196 Ark. 1028, 120

S.W.2d 705, a case decided on October 31, 1938, made the comment: "Effect of the Hospelhorn case was to hold that a suit to enforce liability upon a bank stock assessment must be brought within three years, and not thereafter, and we so hold."

In the case of McClaine v. Rankin, 197 U.S. 154, at page 161, 25 S.Ct. 410, 412, 49 L.Ed. 702, 3 Ann.Cas. 500, the court states: "But it is an action to recover on an assessment levied by the Comptroller of the Currency by virtue of the act of Congress, and although the shareholder, in taking his shares, subjected himself to the liability prescribed by the statute, the question still remains whether that liability constituted a contract within the meaning of the statute of limitation of the state of Washington."

It would seem, therefore, that the question in the pending case is whether or not the liability constituted a contract within the meaning of the statute of limitations of our own State. The decision of the Supreme Court of Arkansas in the Vandover case is tantamount to the Supreme Court saying that a suit upon a shareholder's liability must be commenced within three years.

The construction given the statute of limitation in Arkansas by the Supreme Court of this State is binding. The argument of counsel for plaintiff that this suit was filed prior to March 6, 1939, and, therefore, would not affect the pending case is not tenable, since the court feels it is bound by the principle announced in the Vandover decision, and prior contrary opinions are effective only as res adjudicata of the particular case in which the decision was made.

For the above reasons the court thinks that the three year statute of limitation applies and, accordingly, the cause will be dismissed.