**John W. WEST, Plaintiff,**

v.

**M/V COAN RIVER, Official No. 8287038, her boats, engines, tackle, apparel, etc., W. M. Hogge, 138 Normandy Lane, Newport News, Virginia, individually and as Master of the M/V COAN RIVER, M/V PAGAN, her boats, engines, tackle, apparel, etc., H. N. Sadley, Battery Park, Virginia, individually and as Master of the M/V Pagan, Harry Minga, Rescue, Virginia, individually and as Mate of the M/V Pagan, M/V GLAMOUR GIRL, Official No. 242442, her boats, engines, tackle, apparel, etc., D. R. Minga, Rescue, Virginia, individually and as Master of the M/V Glamour Girl, and J. T. Watkins, Rescue, Virginia, individually and as Mate of the M/V Glamour Girl, Defendants.**

**Civ. A. No. 144–69–NN.**

United States District Court,
E. D. Virginia,
Newport News Division.

March 31, 1970.

Burt M. Morewitz, Newport News, Va., for plaintiff.

Charles F. Tucker, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for defendants.

## OPINION

KELLAM, District Judge.

Pursuant to the provisions of Title 28 § 1916 U.S.C., plaintiff filed this "admiralty or maritime claim within the meaning of Rule 9(h)" of the Federal Rules of Civil Procedure, asserting that "this suit is brought under [Title] 46 U.S.C. [Section] 688, \* \* \* under the General Maritime Law of the United States, and under any other treaty or convention, statute or law applicable" to the facts of the case.

Plaintiff alleges a claim (a) under the "Jones Act" [Title 46 § 688 U.S.C.]; (b) for unseaworthiness of the vessel; (c) for maintenance and cure; and (d) for "wilful failure and refusal" to provide maintenance and cure. The complaint alleges that on March 28, 1964, while in the employ of defendants, plaintiff received injuries to his back; that the symptoms were promptly reported to defendants; and that on belief defendants investigated the claim prior to July 1, 1964.

Defendants filed motions (a) to dismiss because the claims are barred by the statute of limitations and laches, and (b) that at the time the cause of action arose defendants were employees of the Commonwealth of Virginia acting within the scope of their employment, and therefore immune from tort liability.

The only facts before the Court are affidavits submitted by plaintiff and defendants. Plaintiff asserts that on March 28, 1964, he reported his injury to defendant Hogge, and the injury was reported to M. T. Hickman, Commissioner of Fisheries of the Commonwealth of Virginia; that plaintiff's condition prevented him from bringing action until July 1969; that he was hospitalized about a month in 1967; and he is collecting a pension from the Veterans Administration. Defendants in their affidavits assert they were on March 28, 1964, employees of the Commission of Fisheries, a governmental entity of the Commonwealth of Virginia; that at the time mentioned they were acting within the scope of their employment and entitled to immunity; that at the end of the day of March 28, 1964, plaintiff told defendant Hogge "he thought he might have hurt his back;" that no request

for treatment was made; that plaintiff continued his work with the Commission of Fisheries for more than two weeks after said alleged injury and then "resigned his job," during which time he made no claim of injury; that no further report of his injury was made to defendants; that in May 1965, plaintiff did obtain services of counsel and sought information concerning his said claim.

■ There is no contention the injury failed to manifest itself until the lapse of an extended period of time after the alleged accident. Hence, there is no contention the running of the statute was delayed until discovery of the injury. Young v. Clinchfield Railroad Co., 288 F.2d 499 (4th Cir. 1961). Here the cause of action accrued immediately.

■■ Actions under Title 46 § 688 U.S.C. (Jones Act) are subject to a three year statute of limitations. McAllister v. Magnolia Petro. Co., 357 U.S. 221, 225, 78 S.Ct. 1201, 2 L.Ed.2d 1272; Riddick v. Baltimore Steam Packet Co., 374 F.2d 870, 871 (4th Cir. 1967); Cox v. Roth, 348 U.S. 207, 210, 75 S.Ct. 242, 99 L.Ed. 260; Banks v. U. S. Lines Co., 293 F.Supp. 62 (E.D.Va.1968). The accident and injury occurred March 28, 1964. Suit was instituted November 17, 1969, more than five years later. No facts are asserted to justify a tolling of the statute.

As to the action for unseaworthiness, we turn to the issue of whether it is governed by the same three year statute of limitations as the Jones Act actions, or by the statute of the State of Virginia, or by the doctrine of laches.

■■ Claims for negligence and unseaworthiness are "but alternative 'grounds' of recovery for a single cause of action," and a judgment in one is a complete bar to the other. McAllister v. Magnolia Petro. Co., 357 U.S. 221, 225, 78 S.Ct. 1201, 1204; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. If a seaman is to sue for both, "he must do so in a single proceeding." McAllister v. Magnolia Petro. Co., supra, 357 U.S. 224, 78 S.Ct. 1204. In

McAllister, the Court held that "where an action for unseaworthiness is combined with an action under the Jones Act, a Court cannot apply to the former a shorter period of limitations than Congress has prescribed for the latter," whether at law or in admiralty, or in the state or federal courts. Inasmuch as a seaman must combine his negligence and unseaworthiness claims [or forgive one] and "a time limitation on the unseaworthiness claim effects in substance a similar limitation on the right of action under the Jones Act," McAllister v. Magnolia Petro. Co., supra, 357 U.S. 225, 78 S.Ct. 1204, the converse, by analogy, would seem true. This seems to be what Mr. Justice Brennan referred to in his concurring opinion in McAllister, when he said [357 U.S. 229, 78 S.Ct. 1206]:

> Just as equity follows the law in applying, as a rough measure of limitations, the period which would bar a similar action at law, see Russell v. Todd, 309 U.S. 280, 287, [60 S.Ct. 527, 530, 84 L.Ed. 754], I think that the maritime cause of action for unseaworthiness could be measured by the analogous action at law for negligence under the Jones Act, 46 U.S.C. § 688. This reference seems especially appropriate since the seaman's remedy for unseaworthiness under the general maritime law and his remedy for negligence under the Jones Act are but two aspects of a single cause of action. Baltimore S. S. Co. v. Phillips, 274 U.S. 316 [47 S.Ct. 600, 71 L.Ed. 1069].

> It thus seems to me that the three-year limitation on the Jones Act remedy, 45 U.S.C. § 56, is the ready and logical source to draw upon for determining the period within which this federal right may be enforced. This period should be applied in an action for unseaworthiness brought in a state court, just as it would be applied by the state courts in actions brought under the Jones Act, Engel v. Davenport [271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813], *supra*.

See also Lipfird v. Mississippi Valley Barge Line Co., 310 F.2d 639 (3d Cir. 1962); Banks v. U. S. Lines Co., 293 F. Supp. 62 (E.D.Va.1968).

In the *McAllister* case, the issue arose of whether the state statute of limitations should be applied to an action for unseaworthiness. The opinion did not decide "whether a state is free to apply its own statutes of limitation to an admiralty right of action for which no special limitation is prescribed, or whether it is bound to determine the timeliness of such actions by the admiralty doctrine of laches." It simply held that where negligence and unseaworthiness are combined in one action, the limitations for the unseaworthiness claim could not be less than for the negligence claim; and in an action in the state court the state could not apply its shorter limitations period to the unseaworthiness claim.

Code of Virginia, 1950, as amended, § 8–24 provides that every "action for personal injuries shall be brought within two years" after the right to bring same accrues; except that for personal actions for which no limitation is otherwise prescribed, they shall be brought within five years after right to bring same accrues.

██ The timeliness of the action for unseaworthiness "is clearly a federal question," and that if state limitations provisions govern "these suits will lack a uniform standard of timeliness." In International Union, United Auto, etc., Workers, etc. v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), the Court had before it the question of limitations under § 301 of the Labor Management Relations Act, which does not contain a time limitation. Although the Court said "that the subject matter of § 301 is peculiarly one that calls for uniform law," it applied the state statute of limitations. At page 703, 86 S.Ct. at page 1112, the Court said:

As early as 1830, this Court held that state statutes of limitations govern the timeliness of federal causes of action unless Congress has specifically provided otherwise. McCluny v. Silliman, 3 Pet. 270, 277, [7 L.Ed. 676]. In 1895, the question was reexamined in another context, but the conclusion remained firm. Campbell v. [City of] Haverhill, 155 U.S. 610, [15 S.Ct. 217, 39 L.Ed. 280]. Since that time, state statutes have repeatedly supplied the periods of limitations for federal causes of action when federal legislation has been silent on the question. E. g., McClaine v. Rankin, 197 U.S. 154, [25 S.Ct. 410, 49 L.Ed. 702]; Cope v. Anderson, 331 U.S. 461, [67 S.Ct. 1340, 91 L.Ed. 1602] (National Bank Act); Chattanooga Foundry [& Pipe Works] v. [City of] Atlanta, 203 U.S. 390, [27 S.Ct. 65, 51 L.Ed. 241] (Sherman Act); O'Sullivan v. Felix, 233 U.S. 318, [34 S.Ct. 596, 58 L.Ed. 980] (Civil Rights Act of 1870); England-er Motors, Inc. v. Ford Motor Co., 293 F.2d 802 (C.A. 6th Cir.) (Clayton Act); but see Holmberg v. Armbrecht, 327 U.S. 392, [66 S.Ct. 582, 90 L.Ed. 743] (Federal Farm Loan Act). Yet when Congress has disagreed with such an interpretation of its silence, it has spoken to overturn it by enacting a uniform period of limitations. E. g., 69 Stat. 283, 15 U.S.C. § 15b (1964 ed.) (Clayton Act); 35 U.S.C. § 286 (Patent Act). See also Herget v. Central [Nat.] Bank [& Trust] Co., 324 U.S. 4, [65 S.Ct. 505, 89 L.Ed. 656]. Against this background, we cannot take the omission in the present statute as a license to judicially devise a uniform time limitation for § 301 suits.

Accordingly, since no federal provision governs, we hold that the timeliness of a § 301 suit, such as the present one, is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations.

Other decisions applying the state statute of limitations to federally created rights which is silent on the matter of limitations, are: Cope v. Anderson, 331

U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602; Holmberg v. Armbrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743; Rawlings v. Ray, 312 U.S. 96, 97, 61 S.Ct. 473, 85 L.Ed. 605; Chattanooga Foundry & Pipe Works v. Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241; McClaine v. Rankin, 197 U.S. 154, 158, 25 S.Ct. 410, 49 L.Ed. 702; Brady v. Daly, 175 U.S. 148, 158, 20 S.Ct. 62, 44 L.Ed. 109; Jones v. Jones, 410 F.2d 365 (7th Cir. 1969); Beard v. Stephens, 372 F.2d 685 (5th Cir. 1967); International Union of Operating Engineers, etc. v. Fischbach and Moore, Inc., 350 F.2d 936 (9th Cir. 1965); Crawford v. Zeitler, 326 F.2d 119 (6th Cir. 1964); Swan v. Board of Higher Education, 319 F.2d 56 (2d Cir. 1963); Wilson v. Hinman, 172 F.2d 914 (10th Cir. 1949).

■ While it appears from what has been said that a time limitation of three years—as prescribed for the Jones Act actions—should apply, such a holding appears at odds with the holding of the Circuit Court of Appeals for the Fourth Circuit. This Court is, of course, bound by that Court's rulings.

■■ In Giddens v. Isbrandtsen Co., 355 F.2d 125 (4th Cir. 1966), the Circuit Court of Appeals for the Fourth Circuit said that "admiralty prefers the equity rule of laches as opposed to any rigid limitation," and that laches "is sustainable only on proof of both * * * (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." The prejudice issue "contemplates the dispersal and inaccessibility of witnesses, the dimming of recollections and other disadvantages incident to the lapse of time." In ruling on the issue, the Court must balance the claimant's delay with the proffered excuse against the defendant's consequent detriment. In *Giddens*, the Court did not rule that the Virginia statute of limitations was "immaterial in determining whether laches is a bar," but that "the

limitation in the Jones Act—3 years—is a more logical and acceptable polestar;" that it "relates to personal injuries on navigable waters" and "presumably it was adopted with seamen's circumstances in mind."

■ If we apply the Virginia statute, § 8–24, either the two or five year limitation or the "more appropriate analogue"[1] of the Jones Act of three years, the time for maintaining this action has long since passed. The Fourth Circuit held in Giddens [2] that "adherence to any statute is to be discountenanced," and that the pattern to be followed in a decision on the plea is that the "defendant has the burden of ultimately proving inexcusable or inadequately excused delay, plus prejudice." These requirements are "ordinarily satisfied by the defendant's noting that the action was not commenced within the statutory time parallel of laches, or by facts otherwise revealing a lack of vigilance." Prejudice "must also be demonstrated by the defendant," but "he is aided by the inference of prejudice warranted by plaintiff's delay." That is, in the *Riddick* case, supra, the Court in speaking of the *Isbrandtsen* case said it there held that "a presumption of prejudice arises with respect to a claim * * * asserted more than three years after the cause of action has arisen, and that the burden shifts to the libellant to rebut such presumption."

■ In the affidavit of plaintiff, he asserts the conclusion that defendants have not been prejudiced. Defendants do not assert they have been prejudiced, nor do either of the parties set out sufficient facts in the affidavits upon which to make a finding of fact on the issue. Any ruling will await the presentation of additional facts.

We then turn to the issue of whether the defendants, who allege they were employees of the Commonwealth of Virginia acting within the scope of their

---

1. Giddens v. Isbrandtsen Co., 355 F.2d 125 (4th Cir. 1966).

2. Ibid.

employment, are entitled to immunity from tort liability.

■ It is settled law in Virginia, as in other jurisdictions, that the Commonwealth cannot be sued for torts without its consent. Elizabeth River Tunnel District v. Beecher, 202 Va. 452, 117 S.E.2d 685 (1961); Sayers v. Bullar, 180 Va. 222, 22 S.E.2d 9 (1942). This sovereign immunity principle applies whether the State is sued directly or indirectly through its agents. Sayers v. Bullar, supra. Nor can the State's property be subjected to suit in an *in rem* action without its consent. Austin v. Ferry Newport News, Ad. No. 297 (D.C.Va.1957). The operation of the vessel M/V COAN RIVER was a governmental function as it was an integral part of the program to protect the health and safety of the State of Virginia. The Commonwealth of Virginia has not consented to be sued in tort, and since the Doctrine of Sovereign Immunity is applicable, defendants may not be sued, unless the immunity has been waived.

■ If a state leaves the sphere of activity that is exclusively subject to its control and enters into activities subject to federal regulation, the state then subjects itself to regulations of the federal government as if it were a private person or corporation. Parden v. Terminal R. Co. of Alabama, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964). A state's immunity to suit in tort actions is waivable and may be disclaimed. Chesapeake Bay Bridge and Tunnel District v. Lauritzen, 4 Cir., 404 F.2d 1001 (1968). Whether a state's entry in the federal province amounts to a disclaimer of its immunity to suit in tort is a question of federal law. Chesapeake Bay Bridge and Tunnel District v. Lauritzen, supra. And the law of the state as to its invulnerability to suit is not conclusive. In Chesapeake Bay Bridge and Tunnel District v. Lauritzen, supra, the Court held that Virginia, by seeking and obtaining admission into an exclusive federal realm—interstate commerce—

waived its exemption from tort liability. At this point, the record does not fully disclose what activities were being carried on by defendants, and whether the activities were wholly within its sphere of authority or whether such activities entered into the federal province or realm. Without the facts on this issue, it cannot be determined at this stage whether the Commonwealth's invulnerability to suit has been waived.

Hence, ruling on the motions will await presentation of additional facts.

