## WARD v. RICE.
### No. 20220.

District Court, E. D. Pennsylvania.
Jan. 9, 1939.

Thomas A. Logue, of Philadelphia, Pa., for plaintiff.

Lawrence J. M. Rice, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a suit by the receiver of an insolvent national bank against a stockholder to recover an assessment upon his stock, levied by the Comptroller of the Currency. The case was tried to the Court without a jury. The following facts are specially found:

The defendant was, on and prior to March 4, 1933, the holder of three shares of the capital stock of the bank. On that day the bank suspended business and then and at all times since has failed to meet its obligations. On January 15, 1934, the Comptroller of the Currency declared the bank insolvent and appointed a receiver to take charge of its affairs. On March 14, 1934, he levied the assessment which is the basis of these suits against the stockholders for the full par value of their shares, and fixed April 21, 1934, as the date for payment. The present plaintiff succeeded to the original receiver on June 15, 1936. This suit was commenced October 20, 1937, more than three but less than six years after the date when the assessments were payable.

The only defense is the statute of limitations.

The Act of Congress fixes no period within which suits of this nature must be brought and the state statute governs.

The general statute of limitations in Pennsylvania is the Act of March 27, 1713, 12 P.S. § 31, which provides, among other things, that "all actions of debt grounded upon any lending, or contract without specialty," must be brought within six years after the cause of action arose. It is well settled that, in these stock assessment cases, the statute runs from the time when the Comptroller has declared the liability to be due and payable. If the Act of 1713 applies, the suits were brought in plenty of time.

The defendant contends that the applicable statute is not the Act of 1713, but the later Act of 1785, 12 P.S. § 44. This act is entitled "The General Penalty Act,"

and provides that suits "for any forfeiture, upon any penal act of assembly made or to be made" shall be brought within either two years or one year, depending upon whether the forfeiture "is or shall be limited to the commonwealth only" or "shall be * * * limited to the commonwealth, and to any person or persons that shall prosecute in that behalf, shall be brought by any person or persons that may lawfully sue for the same."

The question here is which of these acts of assembly best describes or more nearly covers the obligation or liability to assessment which one assumes when he becomes a stockholder of a national bank. If neither statute applies, then there is no statute of limitations at all in force in respect of suits to enforce that particular liability, because the Supreme Court of Pennsylvania, in Kirschler v. Wainwright, 255 Pa. 525, 100 A. 484, L.R.A.1917E, 393, held that the only other state statute having any relation to the subject matter of stockholders' liability—the Act of March 28, 1867, P.L. 48, 12 P.S. § 41—was not applicable to national banks.

The Supreme Court, in McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500, said that the double liability of a stockholder in a national bank is "more accurately quasi-contractual than contractual." But, as pointed out by this Court in Rogers v. Jarden, D.C., 3 F.Supp. 211, and by Judge McPherson in Little v. Kohn, C.C., 185 F. 295, it is not possible to place the stockholders' obligation unqualifiedly and for all purposes in the category either of contractual or of non-contractual obligations. The only question in this case is whether it can be described as a "forfeiture upon any penal act" within the meaning of the Act of 1785, for that is the only statute which would bar this suit. In my opinion it can not.

The defense of the statute of limitations has been made in a number of Pennsylvania state and federal cases involving stockholders' assessment. In none of them, so far as I know, has it been suggested that the Act of 1785 might be applicable. On the contrary, it appears to have always been assumed that the Act of 1713 governs the case. See Little v. Kohn, supra; Kirschler v. Wainwright, supra.

The defendant's case for making the Act of 1785 govern depends almost entirely upon some expressions which appear in the opinion of the Supreme Court of Pennsylvania in Gordon v. Winneberger, 310 Pa. 362, 165 A. 408, 409, in which the Court referred to the double liability as a "penalty" and at one place said "enlarged liability is the exception; it possesses elements of a penalty." What the Court was doing in that part of the discussion was laying a basis for strict construction of a similar state statute, under the well known rule relating to penal statutes. But the words "penal" and "penalty" have many different shades of meaning, and are in fact among the most elastic terms known to law. I see no difficulty whatever about holding that a statute which imposes a burdensome obligation of this kind is "penal" in the sense that the defendant is entitled to a strict construction of it; but that is quite a different thing from saying that it is a penal act within the meaning of a statute of limitations dealing with actions brought for forfeitures upon penal acts, particularly when the Act goes on to refer to two classes of forfeitures in both of which the Commonwealth is entitled to recover.

In Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123, the Supreme Court held that a statute making officers of a corporation who sign a false certificate of the amount of the capital stock paid in liable for its debt, is not a penal law in the sense that it cannot be enforced in a foreign state or country. The very full discussion in the opinion of Mr. Justice Gray in that case seems to me to be conclusive against the contention of the defendant here.

It is unnecessary to explore further the debatable territory about the question of the nature of the obligation of stockholders of national banks to respond to double assessment. The first conclusion of law is that the Act of 1785 is not applicable to actions to enforce such stockholders' liability.

I think the Pennsylvania decisions under the Act of 1713 may be fairly interpreted as ruling that that statute applies to the double liability of stockholders of national banks, and the second conclusion of law is, therefore, that the period of limitation in this case is six years.

I affirm the plaintiff's request for the conclusion of law that "in view of all the evidence in this case the verdict must be for the plaintiff."

The defendant's first request for conclusion is really for a finding of fact, and I have already found in accordance with it. I deny the defendant's second request for conclusion of law.

Judgment may be entered for the amount claimed in the statement of claim with interest from April 21, 1934.