[Civ. No. 3040. First Appellate District, Division Two.—October 2, 1919.]

KEMP J. WINKLER, an Infant, etc., Appellant, v. LOS ANGELES INVESTMENT COMPANY (a Corporation), Respondent; and LOIS M. WINKLER, an Infant, etc., Appellant, v. LOS ANGELES INVESTMENT COMPANY (a Corporation), Respondent.

[1] MINORS—DISAFFIRMANCE OF CONTRACT.—Under section 35 of the Civil Code, contract for the purchase of corporate stock, when made by minors under the age of eighteen years, may be disaffirmed by them and they thereby relieved from any further burdens under them.

[2] ID.—CONTRACT MADE BY FATHER WITHOUT KNOWLEDGE OR CONSENT OF MINORS—RIGHT OF DISAFFIRMANCE.—Where the father of certain minors to whom had been delivered certain shares of stock to be invested and reinvested by him for the purpose of providing means for their education, with the consent of the donor disposed of all the securities held by him, and, without the knowledge or consent of the minors, purchased certain shares of stock in a given corporation, the names of the minors being signed to the contracts of purchase and certain promissory notes by the father without their knowledge or consent, and the stock certificates being issued in their names at the father's request and without their knowledge or consent, such contracts must be deemed the contracts of the father, rather than of the minors, and therefore not subject to disaffirmance by them.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John M. York, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Morse, Jr., and F. M. Johnstone for Appellant.

Flint & Jutten, H. S. MacKay, Jr., Ed. R. Brainerd, Jr., Wm. R. Flint and J. H. Schenck for Respondent.

NOURSE, J.—George C. Kemp, guardian *ad litem* for Kemp J. Winkler and Lois M. Winkler, both minors, instituted two separate actions in the superior court on behalf of said minors to recover back money paid for the purchase of stock in the defendant corporation. The actions were tried jointly, and by stipulation are brought to this court on one record. It is alleged that both of the minors were under the age of sixteen years when the actions were commenced; that at different times between the eighth day of April, 1910, and the twenty-fifth day of April, 1913, they purchased shares of stock from the defendant corporation, and that prior to the commencement of the action each of the defendants disaffirmed the contracts and demanded the return of the money paid. All of the allegations of the complaints were denied by the defendant, and the court found that it was not true that the plaintiffs entered into any agreement whereby defendant sold and plaintiffs bought shares of stock in said corporation, and that it was not true that the plaintiffs paid any sum of money for said stock or that they disaffirmed any contracts with the defendant. These findings constitute the only assignment of error upon this appeal, appellants arguing that the evidence is not sufficient to support them.

The material facts are that when each of the minors was about two years of age their grandfather, George C. Kemp, delivered to their father, J. H. Winkler, shares of stock of the value of five hundred dollars for each, with the intention on the part of the grandfather to make a gift of this stock to each minor, to be held by their father and invested and reinvested by him for the purpose of providing means for their education. From time to time, with the consent of said George C. Kemp, J. H. Winkler sold the stock and invested the proceeds of the sales by loaning some and investing the balance in other stocks. From these investments the original gifts increased from five hundred dollars to $746.43 in the case of Kemp J. Winkler, and to $1,269.20 in the case of Lois M. Winkler. During the period from 1910 to 1913 the father of the minors, with the consent of the grandfather,

disposed of all of the securities held by him for the two minors, and, without the knowledge or consent of the minors, purchased certain shares of stock of the defendant corporation. Certificates of stock were issued in the name of the minors, and thereafter dividends were made by checks drawn in their names. These checks were all indorsed for payment by the minor in whose name they were drawn and by J. H. Winkler, who received the money. Prior to the commencement of the action a notice of rescission was given to the defendant by the attorneys for the minors upon the ground that the sale of the stock to the minors was a fraud upon them because of misrepresentations as to the value of the stock on the part of the agents of defendant corporation. The action was tried upon the theory that the contracts for the purchase of the stock were the contracts of the minors made while they were under the age of eighteen years, and that this notice of rescission was in effect a notice of disaffirmance of these contracts.

There is no conflict of evidence as to the manner in which the purchases of the stock were made. It appears that the grandfather had great faith in the value of the stock and frequently urged the father to dispose of the securities which he held for the minors and to invest the proceeds thereof in the stock of this corporation. This was done without the knowledge or consent of the minors. The names of the minors were signed to the contracts of purchase and certain promissory notes by the father without their knowledge or consent, and the stock certificates were issued in their names at the father's request and without their knowledge or consent.

[1] Preliminarily, it may be said that, under section 35 of the Civil Code, if the contracts of purchase had been actually made by the minors, they could disaffirm and be relieved from any further burdens under them. [2] But in this case the minors did not make any contract, either individually or by agent—first, because they had no knowledge of the execution of any contract, and, second, because they could not give a delegation of power to the father to contract for them. (Civ. Code, sec. 33.) The contracts having clearly been made by the father without the knowledge of the minors, they could become the contracts of the minors only through the adoption of the action of the father, and this could be done only upon the theory that the minors thereby retrospectively made the

father their agent. This could not be done under our statute, and the contracts must be deemed, therefore, to be contracts of the father rather than of the minors.

Though these are the issues made by the pleadings, counsel argue at length as to the power and liability of the father as trustee for the minors. It would seem to be apparent that such was the relation of the father to the minors, and that, occupying such position, his powers as to the investment and reinvestment of the funds held by him as such trustee depend upon the terms and conditions imposed by the trustor. But the question of such powers and liability is not put in issue in this case.

The trial court properly held that the contracts were not made by the minors.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.