## STRASBURGER v. SCHRAM.

### No. 6938.

United States Court of Appeals for the District of Columbia.

Argued Oct. 22, 1937.

Decided Nov. 15, 1937.

Michael J. Keane, Jr., of Washington, D. C., for appellant.

Martin F. O'Donoghue and John F. Anderson, both of Washington, D. C., for appellee.

Before ROBB, GRONER, and MILLER, Associate Justices, and WHEAT, Chief Justice of District Court.

GRONER, J.

On July 22, 1936, appellee, Schram, receiver of First National Bank-Detroit, brought his bill of complaint against appellant, Strasburger, a resident of the District of Columbia, alleging that on the 11th of May, 1933, the Comptroller of the Currency appointed C. O. Thomas receiver of the bank because of its insolvency; that on the 15th day of August following he appointed Schram to succeed Thomas and that Schram has continued to act as receiver ever since; that on the 16th of May the Comptroller declared the assets of the bank insufficient to discharge its

debts and that it was necessary to enforce the full individual liability of the shareholders as prescribed by the Act of June 3, 1864, as amended; and that on that date he duly made an assessment upon the stockholders of twenty-five million dollars to be paid by them on or before the 23d day of June, 1933, which assessment was amended on June 20, 1933, to extend the time of payment to July 14, 1933, and on July 13, 1933, was amended to extend the time of payment from July 14, 1933, to July 31, 1933; and that demand accordingly was made upon the stockholders for the par value of each share of capital stock held or owned by them.

On September 25, 1936, appellant, Strasburger, filed his motion to dismiss the bill because the claim was barred by the statute of limitations. There were other grounds alleged for the dismissal of the bill, but by agreement of parties these were withdrawn, and the only question submitted to the court was the question of the application of the statute of limitations. The District Court overruled appellant's motion to dismiss, and we granted a special appeal.

It is agreed by counsel that the defense of the statute of limitations where—as here—the matter appears on the face of the bill, may be raised by motion to dismiss. It is also agreed that the applicable statute is that of the District of Columbia, so that the case as presented involves the single question whether the cause of action accrued upon the declaration by the Comptroller of the deficiency or whether it accrued on the final date set by the Comptroller for payment. Section 63 of Title 12, U.S.C., c. 2 (12 U.S.C.A. § 63), provides that: "The shareholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

The District of Columbia statute of limitations provides (T. 24, § 341, D.C.Code 1929): "and no action the limitation of which is not otherwise specially prescribed in this section shall be brought after three years from the time when the right to maintain such action shall have accrued."

On this appeal appellant insists that the cause of action accrued on the date that the Comptroller declared the deficiency and fixed the amount to be paid by the shareholders. The position taken by the receiver is that the right to maintain the action did not accrue until the final date set by the Comptroller for payment of the assessment.

The suit was brought July 22, 1936. The date of the assessment was the 16th of May, 1933. It is obvious, therefore, that if appellant's position is correct the statute had run. On the other hand, since the date fixed for payment was July 31, 1933, it is obvious that if the receiver's position is correct the statute had not run.

An examination of the reported cases reveals a number of statements on the subject, but few, if any, authoritative decisions directly in point. In McDonald v. Thompson, 184 U.S. 71, 22 S.Ct. 297, 46 L.Ed. 437, for example, the Supreme Court had before it a case where the Comptroller had made an assessment on June 10, 1893, and had set July 10, 1893, as the date of payment. Suit by the receiver was brought in May, 1898. Upon these facts Mr. Justice Brown said: "As the cause of action in this case accrued on July 10, 1893, when the assessment was made payable, * * * and the action was begun on May 20, 1898, more than four but less than five years thereafter, the case really turns upon the question whether the action is upon a 'contract or promise in writing,' or 'upon a contract not in writing, express or implied,' or 'upon a liability created by statute.'"

It is apparent that it was wholly immaterial in that case whether the cause of action accrued on June 10th or July 10th—since the court was dealing in years and not days. But it is significant that the court, to sustain its statement that the cause accrued on July 10th, cited Thompson v. German Ins. Co. (C.C.) 76 F. 892. There Judge Shiras held that the date fixed for payment and not the date of assessment was the date when the cause of action accrued and the statute of limitations began to run. In the Thompson Case it was equally beside the point which date was controlling, since the action was brought more than 4 years after the later date; but the cases are helpful at least as indicating the principle behind the statements. That principle is, we believe, that until an unconditional liability to pay something is fastened on a debtor, no action can be maintained against him and the statute of limitations does not begin to run in his

favor. Scovill v. Thayer, 105 U.S. 143, 26 L.Ed. 968.

We take judicial notice of the fact that for many years it has been the general practice of the Comptroller, after determination that an assessment on stockholders in a national bank is necessary and of the amount thereof, to fix a date when payment must be made. The practice is a reasonable one, since it furnishes time and opportunity to the debtor to pay without suit and in some cases opportunity for reorganization and resumption of business; and we have been referred to no law and have found none ourselves to challenge the authority of the Comptroller to fix the time of payment and to extend it within reasonable limits from time to time. Nor have we any doubt that when this is done the receiver cannot commence an action against the stockholder until after the date fixed, for the simple reason that until such date the assessment is not due; or, in other words, does not exist as a complete right which the owner may enforce by going into court. This was the view expressed by Judge Sanborn in the case of Deweese v. Smith (C.C.A.) 106 F. 438, 441, 66 L.R.A. 971. There he said: "The acts of congress confer the power and impose the duty upon the comptroller to determine within the statutory limit the amounts that shall be paid by each stockholder upon his individual liability, and the times when he shall pay these amounts. The liability of the shareholder does not mature—does not become due—until the comptroller adjudges it to be payable and demands it, and it falls due in such amounts and at such times as he decrees."

Other cases expressing the same view are Rankin v. Miller (D.C.) 207 F. 602, King v. Pomeroy (C.C.A.) 121 F. 287, and Hall v. Ballard (C.C.A.) 90 F.2d 939, 944. In the Rankin Case it was said that the period of limitation will commence to run only from the time the cause of action is fully matured through the making of an assessment and the arrival of the day when it becomes payable. In the King Case the assessment order was dated February 12th and was payable 60 days after that date, and there the court said that the cause of action accrued 60 days after February 12th and not before.

In Hall v. Ballard, decided by the Fourth Circuit in June of this year, the suit was brought by two judgment creditors of a bank in voluntary liquidation under the provisions of section 65, title 12, U.S.C. (12 U.S.C.A. § 65), against the bank and stockholders to enforce the stock assessment liability. A receiver was appointed to collect the judgment and brought suit against one of the stockholders on his assessment liability. The defendant filed a plea of the statute of limitations. The lower court sustained the plea and dismissed the action. The Circuit Court of Appeals reversed, using the following language: "We are impelled to the conclusion that in an action by a receiver to enforce the liability of a shareholder of an insolvent national bank, whose affairs are in the course of judicial administration in a proper proceeding in the federal court for the purpose of liquidating its debts, the liability of the shareholders of the bank does not become due, does not mature, and the action to collect it does not accrue until the court decides that it is necessary to collect some part of it, determines the amount and fixes the date for its payment."

The view expressed in each of these cases seems to us reasonable and, as we think, is supported not only by what was said by the Supreme Court in McDonald v. Thompson, supra, but also by what was said in Bernheimer v. Converse, 206 U.S. 516, 534, 27 S.Ct. 755, 761, 51 L.Ed. 1163. That was an equity case in which the court ordered an assessment against the shareholders of a Minnesota corporation. The order required each shareholder to pay the amount of the assessment to the receiver within 30 days after the date of the order, and on the suggestion that the cause was barred by the statute of limitations the court said: "The cause of action did not accrue until the receiver could sue upon the assessment after the stockholder had failed to pay, as required by the order of the Minnesota court."

The order was to pay within 30 days after the date of the order, and it was this latter date, rather than the date of the order, at which the Supreme Court said the right of action accrued.

The case of Johnson v. Greene (C.C.A.) 88 F.2d 683, which is relied on by appellant, was decided under the provisions of the California statute of limitations which are materially different in language from that of the District of Columbia, and the case is, therefore, not in point. And the case of Davis v. Drury, 105 Kan. 69, 181 P. 559, was an interpretation by the Supreme Court of Kansas of its own statute of

limitations, and in our opinion is against the weight of authority in the federal courts.

■ Since in our opinion no liability accrued on the assessment made against appellant until the date when the same was made payable, and since the suit was brought within 3 years of that date, it follows that the decision of the lower court is right and should be affirmed.

Affirmed.