## SCHRAM v. SMITH et al.
### No. 8530.

Circuit Court of Appeals, Ninth Circuit.

June 27, 1938.

John H. Rapp, of Tucson, Ariz. (Robert S. Marx, of Cincinnati, Ohio, of counsel), for appellant.

Charles Woolf and G. W. Shute, both of Phœnix, Ariz., for appellees.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

This is a companion case to Schram v. Poole, 9 Cir., 97 P.2d 665, June 16, 1938. A motion to dismiss a bill, filed by appellant as receiver of the First National Bank-Detroit, a national banking association, to recover liability of shareholders, having been sustained, the receiver appeals.

The history of the bank and its insolvency is set forth in Schram v. Poole, 9 Cir., supra, and need not be repeated here. The bill alleges that the stock of the above-named bank was held by Detroit Bankers' Company, a Michigan corporation, hereinafter called the holding company; and that the holding company's articles of association in Article IX-A provided:

"The holder of each share of common stock of this corporation shall be individually and severally liable for such stockholder's ratable and proportionate part (determined on the basis of their respective stockholdings of the total issued and outstanding stock of this corporation) for any statutory liability imposed upon this corporation by reason of its ownership of shares of the capital stock of any bank or trust company, and the stockholders of this company, by the acceptance of their certificates of stock of this company, severally agree that such liability may be enforced in the same manner and to the same extent as statutory liability may now or hereafter be enforceable against stockholders of banks or trust companies under the laws under which said banks or trust companies are organized to operate. * * *" It is also alleged that the substance of such article was contained on the face of the stock certificates, and on the back thereof the same was printed in full.

It further appears from the bill that the stockholders of the holding company, by accepting the certificates, representing stock in the holding company, "entered into a contract whereby they severally agreed to pay their ratable and proportionate part of any assessment levied by the Comptroller of the Currency upon the shareholders of record of the capital stock of said First National Bank-Detroit; that there was a good and valid consideration therefor, and all of the parties necessary to the making of said contract imposing said liability upon the stockholders of the Detroit Bankers Com-

pany, and in favor of and for the benefit of the creditors of First National Bank-Detroit were parties to said contract."

It is further alleged that the Comptroller of the Currency on May 16, 1933, levied a 100% assessment on the bank's stockholders, due on June 23, 1933, which date was extended several times, so that the liability was finally due on July 31, 1933. There were· further allegations sufficient to impose liability directly on appellees by considering them the "actual" owners of bank stock. It was also alleged that appellee Smith owned 700 shares of stock in the holding company, and was liable for $9,-839.04; that appellee Sands owned 200 shares of stock, and was liable for $2,811.-16. Finally, it was alleged that "Notwithstanding their liability and duty to pay said assessments * * * said [appellees] * * * have failed and refused and continue to refuse 'to do so."

The bill herein was filed on May 12, 1936. Appellee filed a motion to dismiss, which as supplemented was based on three grounds, one of which was that the cause was barred by the Arizona statute of limitations. The court below so held and dismissed the bill. The receiver has appealed.

■ Insofar as the bill alleged liability by considering appellees as the actual owners of the bank's stock, we think the trial court correctly held that the cause was barred by Rev.Code of Arizona 1928, § 2058(3), which limits the bringing of such causes of action to one year. Donald v. Bird, 9 Cir., 85 F.2d 663. However, there is yet to be considered the contractual theory of the case. An action for debt not evidenced by a contract in ' writing must be brought within three years in Arizona, and an action for debt in that state founded upon a contract in writing executed in Arizona, must be brought within six years. Rev.Code of Ariz. §§ 2060(1), 2062. If there is a contractual liability here, it is clear that the action was not barred, whether such liability arose by a contract in writing or not.

■ In considering the effect of Article IX-A of the holding company's articles of association, we are to apply the law of Arizona. Erie Railroad Co. v. Tompkins, 58 S.Ct. 817, 82 L.Ed. ——, 114 A.L.R. 1487,

April 25, 1938; Ruhlin v. New York Life Ins. Co., 58 S.Ct. 860, 82 L.Ed. ——, May 2, 1938. It is indicated in Orme v. Salt River Valley Users' Ass'n, 25 Ariz. 324, 217 P. 935, 939, that the articles of association would be considered as a contract. Compare: The Binghamton Bridge, 70 U.S. 51, 3 Wall. 51, 73, 18 L.Ed. 137. Likewise, it is held in Arizona that the "law as to the validity and interpretation of personal contracts is that of the place where they were made, the lex loci contractu, unless the parties thereto intended they should be governed by the law of some other place". Forgan v. Bainbridge, 34 Ariz. 408, 274 P. 155, 158. See, also, Gaston, etc., Ltd., v. Warner, 260 U.S. 201, 203, 43 S.Ct. 18, 67 L.Ed. 210. Therefore, we think that the Arizona courts would apply the law of Michigan, interpreting the provision in the articles of association.

■ Appellees contend here, as was contended in Schram v. Poole, 9 Cir., supra, that the provision of the articles of association creates no liability independent of the liability imposed by the National Banking Act (12 U.S.C.A. § 64). We believe, however, that the Supreme Court of Michigan has, as stated in Schram v. Poole, 9 Cir., supra, "construed the article as creating an independent contractual liability". Simons v. Groesbeck, 268 Mich. 495, 256 N.W. 496. Appellees' entire argument is based on the contention to the contrary; and it is therefore unnecessary to consider their argument· further.

■■ It is not impossible to have a liability originating by statute, but acquiring "an independent existence" by contract. Coombes v. Getz, 285 U.S. 434, 435, 442, 52 S.Ct. 435, 436, 76 L.Ed. 866. Under the circumstances here, we think the applicable law reveals that the bill alleges a contractual liability, and that the motion to dismiss was improperly granted. Whether the receiver may be compelled to elect which of the several remedies he will pursue, and when such election is made, whether the cause should be transferred to the law side of the calendar (see American Trust Co. v. Grut, 9 Cir., 80 F.2d 155) are questions which should not be decided by us now.

Reversed.