## SCHRAM v. LEYDA et al.
### No. 8522.

Circuit Court of Appeals, Ninth Circuit.
June 27, 1938.

Stanley A. Jerman and Allan K. Perry, both of Phoenix, Ariz. (Robert S. Marx, of Cincinnati, Ohio, of counsel), for appellant.

Silverthorn & Van Spanckeren, of Mesa, Ariz., for appellees.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

This is a companion case to Schram v. Poole, 9 Cir., 97 F.2d 566, June 16, 1938, and Schram v. Smith et al., 9 Cir., 97 F.2d 662, this day decided.

The bill herein contained substantially the same allegations with regard to the liability as the bill considered in the two cases referred to. In addition the bill alleged that George Barton Peck died in Arizona on October 23, 1928, leaving a will. Thereafter the will was probated, and the widow, Marion A. Peck (now appellee Leyda), was appointed administratrix with will annexed of deceased's estate, and qualified by filing a bond, which was signed by The Massachusetts Bonding & Insurance Company, as surety.

Within sixty days prior to February 11, 1933, the personal property of deceased's estate in the hands of the administratrix, included 267 shares of stock in Detroit Banker's Company, a Michigan corporation, the holding company, which held the stock of The First National Bank-Detroit, a national banking association. On February 11, 1933, the personal property of deceased's estate in the hands of the administratrix included 360 shares of additional stock in the holding company. Assessment of the liability imposed by 12 U.S.C.A. § 64 was made on May 16, 1933, payable, after several extensions, on July 31, 1933. After the assessment, the administratrix, with knowledge of the assessment, distributed to herself, appellee Smith, and appellee George B. Peck, a minor, as devisees and legatees of the deceased, all assets of the estate.

The bill herein was filed on May 11, 1936, against the administratrix as such and individually, appellee Peck, the minor, appellee Leyda, as guardian of the minor's estate, appellee Smith and the appellee bonding company, and alleged that all of such parties became personally and individually liable for the assessment.

On June 23, 1936, the bonding company filed a motion to dismiss the bill, which was granted by decree of dismissal on January 5, 1937, on the ground that the cause was barred by Rev.Code of Ariz.1928, § 2058(3). On June 30, 1936, the administratrix filed a motion to dismiss the bill on three grounds, one of which was that the cause was barred by the cited statute. On January 11, 1937, the court below entered an order dismissing the bill as to all remaining appellees on the ground that the cause was barred by the cited statute. The receiver has appealed.

The case is controlled by what we said in Schram v. Smith, supra. We think that the rules there stated, when applied to the bill, disclose a contractual liability, and therefore the cause is not barred. Whether or not the liability under the independent contract may be enforced individually against all appellees is not in question here, and we express no opinion with respect to such question.

Reversed.