14724

BOYKIN v. SMITH

(198 S. E., 171)

Mr. W. L. DePass, Jr., for appellant,

Messrs. Kirkland & deLoache, for respondent,

July 18, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent, as Conservator of· the Bank of Camden, brought action to recover of the appellant the sum of six hundred dollars, alleged to be the stockholders' liability on six shares of the capital stock of that bank standing on the books of the bank in the name of; the appellant.

The complaint set forth the facts of plaintiff's appointment as Conservator of the Bank of Camden, which closed its doors March 4, 1933; that Nell L. Smith on February 25, 1926, became the owner of six shares of the capital stock of the Bank of Camden, of the par value of one hundred dollars per share and thereby became liable under the Constitution of this State to an assessment equal in amount to the par value of such shares; that thereafter, on January 11, 1932, appellant attempted to convey to William Arthur Smith, then a minor child of said Nell L. Smith, the said six shares of stock; that the attempted sale was illegal, null and void, and did not convey the stock from Nell L. Smith, who is now the owner and holder of said stock; that demand has been made for payment of the amount of the liability of said stock, which demand has been refused.

The answer alleges that on the 25th day of February, 1926, her husband, Arthur Smith, purchased six shares of the stock of the Bank of Camden; which stock was issued in her name by the bank, which entered her name on the stock ledger of the bank as a stockholder; that all of this was done without any authority from her; that she has never ratified it, and did not know of the transaction between her husband and the bank until some time afterward; that she paid no consideration for the stock and has received no benefit from it; that shortly after she learned that Arthur Smith had purchased stock of the Bank of Camden in her name, in order to keep the record straight, she signed a transfer in blank on the back of said certificate in order that Arthur Smith, the true owner, could have it issued in his

name, or to whomsoever he pleased; that she had no interest in or ownership of the stock.

The case came on for trial before Judge Bellinger and a jury at the summer, 1936, term of the Court for Kershaw County. At the close of all the testimony, the plaintiff moved for a directed verdict in its favor, which motion was granted.

The defendant appeals upon three exceptions, which appellant, in her brief, treats as making but one question. which she states in the following language: "The sole question presented in this appeal is whether a verdict for plaintiff was erroneously directed on the ground that the defendant ratified the purchase of bank stock in her name."

The plaintiff testified that according to the bank's Stock Certificate Book, which is the only record of stockholders, on January 25, 1926, the certificate of six (6) shares of stock owned by Mrs. Sallie Lewis was cancelled, and Certificate No. 189 for six shares, having a par value of One Hundred ($100.00) Dollars, each, was issued to Nell L. Smith. Ten dividend checks payable to Nell L. Smith or her order, are admitted in evidence, the latest one being dated June 30, 1931; January 11, 1932, stock certificate No. 189, for six shares issued to Nell L. Smith was cancelled and a certificate for the said stock was issued to William Arthur Smith, who is the minor son of Nell and Arthur Smith. Never saw William Arthur Smith or Nell L. Smith in said bank, where he was employed before it closed. Saw Arthur Smith quite often, as he kept his money there, made deposits and borrowed money.

Mrs. Nell L. Smith, the defendant, testified that she never purchased any stock of the Bank of Camden; never received any money dividends on such stock. "I learned that I was listed as a stockholder in the Bank of Camden when Arthur (her husband) brought home a blank which he said he wanted me to sign. I learned that someone had purchased stock in the bank in my name. Shortly after learning this I signed a transfer of the stock to get it out of my name. The

transfer was in blank. My husband. Arthur, presented the transfer to me to sign. I never authorized my husband to purchase any stock in the Bank of Camden for me. Never gave him any money for that purchase. He never turned over to me any money for the sale or transfer of the stock or for any dividends." On cross examination.

"William Arthur Smith is my son; was about six years old in 1932.

"Q. You say you never got any dividends from the Bank of Camden? A. No, sir.

"Q. Is that your signature (presenting paper to her)? A. I don't remember signing it.

"Q. But that is your signature? A. Yes, sir."

(The paper was a check payable to Nell L. Smith for $30.00, signed C. H. Yates—dividend No. 76.)

"Q. This came to you or was brought to you by your husband? A. I don't remember.

"Q. Did he sign all the other checks for you practically? A. Yes, sir."

The other dividend checks were presented to the witness, who said she signed or endorsed two of them; does not know anything about the checks which were signed or endorsed Nell L. Smith by Arthur Smith; knows nothing of the transfer of the stock to William Arthur Smith. "When I endorsed these two checks, I did not know I was a stockholder in the Bank of Camden. I didn't pay any attention to them. I didn't get the money."

On re-direct examination: "I can't remember signing either of those checks. My husband was not my agent. I never told him to handle any transaction for me. Never gave him power of attorney to sign my name. He was in the furniture business. Never had any bank account' in my name."

Arthur Smith testified: "The officers of the Bank came to me to buy the stock; I paid them $200.00 cash and gave a note for $1,000.00. Paid $200.00 per share for the stock. My wife knew nothing about it. When I paid the note I got

the certificate of stock. Did not give it to my wife; put it in the vault at the store. I directed the certificate to be issued to Nell L. Smith, my wife. I handed this certificate to Mrs. Smith and told her to sign the transfer on the back; it was transferred in blank. I told the Bank to issue the new certificate to William Arthur Smith."

Four dividend checks payable to Nell L. Smith were shown the witness, who testified that he signed and deposited them to the credit of the Camden Furniture Company. The two dividend checks bearing the endorsement of Nell L. Smith were shown the witness, who said he does not remember whether Mrs. Smith endorsed them or whether he did. Never gave her any of the money he received from these dividend checks. The dividend checks came to the witness at his store, the Camden Furniture Company; witness used the stock certificate to borrow money from the Bank of Camden. His wife knew nothing of his using the stock for that purpose. When he told Mrs. Smith of putting the stock in her name, she wanted it transferred and he asked her to transfer it in blank; did not tell her when he was going to transfer it, just told the bank to transfer it to William Arthur Smith.

On cross examination, paper shown witness:

"Q. Did you sign that or did Mrs. Smith sign it? A. She signed it. As soon as she found that she was the owner of that stock, she wanted it transferred to someone else.

"Q. She wanted it transferred because she didn't want to be liable for it? A. She didn't know anything about the stock until 1932.

"Q. How do you account for her having signed these dividend checks in 1929 for $36.00? A. From time to time she signed a good many papers for me—she never asked a question—she just signed."

Had a savings account in the name of Nell L. Smith and he signed those checks once or twice "Nell L. Smith per me." Usually kept an account in her name; she didn't know anything about this. "I endorsed checks in her name when I had deposited money in her name.

"Q. And she could check on that deposit? A. No, sir; I never gave her that authority. I never gave them authority to honor one of her checks, no, sir.

"Q. When you had that transfer made in 1932 why didn't you have it put in your own name, if you were the true owner? A. Well, I just thought I was giving him something that would be worth something to him. My wife has property of her own. I don't remember exactly what is in her name and what's in mine."

We have not reproduced all of the parol testimony, nor all of the documents. There is among the latter a note for $1,000.00, given by Arthur Smith to the Bank of Camden, dated November 20, 1930, secured by six shares of Bank of Camden stock, Certificate No. 189, containing this statement on its face: "Issued to my wife Nell L. Smith." Arthur Smith testified that this is the note he gave the bank, along with $200.00 cash, for the purchase of the stock, and that he paid the note with his own money.

In granting the motion for directed verdict, the trial Judge said:

"I think I will have to direct a verdict for the plaintiff—she has participated in two dividend checks, endorsed those and the checks were marked dividend checks—that was back in 1929 and 1930 and I can't see but there would be but one inference, that is, she knew she was the owner of this stock and received dividends on it and endorsed those checks. * * *

"As I said a while ago, I think when she endorsed these dividend checks that she ratified the purchase of the stock in her name and so I will direct a verdict for the plaintiff."

This ruling is predicated upon the assumption that the only reasonable inference to be deduced from all the testimony is that Mrs. Nell L. Smith endorsed the two dividend checks, which admittedly bear her signature, knowing that she was the owner of the bank stock and that, therefore, she ratified the act of her husband, Arthur Smith, as her agent, in buying the stock in her name.

We think this ruling ignores the evidence given by Arthur Smith and Nell L. Smith to the effect that she did not know of the fact that he had purchased the stock in 1926 and had it put in her name until 1932; that she immediately had it transferred, the transfer on the back of the certificate being signed by her in blank; that if she endorsed the dividend checks, it was done at her husband's direction and she did not receive the proceeds of those checks; that three other of the dividend checks were endorsed "Nell L. Smith per Arthur Smith"; two of them were endorsed "Nell L. Smith per Arthur Smith. For deposit only. Pay to the Bank of Camden, S. C. Camden Furniture Company."

In ruling that when Nell L. Smith endorsed the two dividend checks, she ratified the act of her husband in purchasing the stock and putting it in her name, the Court assumed that the only reasonable conclusion to be drawn from the evidence is that her husband was acting as the agent for Mrs. Nell L. Smith. We do not think this conclusion by the Court is tenable. We think it appears by the evidence, some of which is herein reproduced, that a jury might reasonably infer that Arthur Smith was not the agent of his wife when he bought the bank stock and had it put in her name.

As the case must go back for rehearing, we refrain from further reference to the evidence. Let it be understood that this Court expresses no opinion of the force and effect of any of the evidence. It means to say, only, that in its opinion there was evidence from which more than one inference might reasonably be drawn, whether Nell L. Smith endorsed the dividend checks knowing that they were for payment of dividends on bank stock in the Bank of Camden, then owned by her, and whether when Arthur Smith purchased this stock and had it put in the name of Nell L. Smith, he was acting as her agent.

The judgment of the lower Court is reversed and the case is remanded for trial.

60

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.

MR. JUSTICE CARTER did not participate on account of illness.