## VAN DYKE v. REICH.

### No. 77.

District Court, M. D. Pennsylvania.
May 9, 1939.

Needle & Needle, of Scranton, Pa., for plaintiff.

Irving L. Epstein, of Scranton, Pa., for defendant.

ALBERT L. WATSON, District Judge.

Joseph Van Dyke, receiver of the Liberty National Bank of Dickson City, Pennsylvania, brought this suit against Joseph Reich to recover an assessment made upon Joseph Reich, a shareholder of said bank.

It is alleged in the complaint that the Liberty National Bank of Dickson City, Pennsylvania, became insolvent and a receiver was duly appointed; that on December 15, 1932, the Comptroller of the Currency levied an assessment on the stockholders for one hundred per cent. of the par value of the stock, said assessment to be paid on or before the 23rd day of January, 1933; that the defendant owns shares of stock in the Liberty National Bank of Dickson City, Pennsylvania, and has not paid this assessment. This suit was brought on January 16, 1939. In answer to the complaint, the defendant raised only the question of the Statute of Limitations.

Thereupon, the plaintiff filed his motion for judgment on the pleadings, which is now before the Court for disposition.

The sole question to be determined, therefore, is, whether the Pennsylvania Statute of Limitations began to run from the date of the assessment or from the date on or before which the assessment was to be paid.

It is well settled that the Statute of Limitations of the Forum controls the time for bringing actions to enforce liabilities for stock assessments. Pufahl v. Estate of Parks, 299 U.S. 217, 225, 57 S.Ct. 151, 81 L.Ed. 133. The relevant Pennsylvania Act of Assembly is found in 12 P.S. § 31, and provides that actions of debt, etc., shall be brought "within six years next after the cause of such actions or suit, and not after." This Act has been frequently construed by the Pennsylvania Courts and, in the recent case of New York & Pennsylvania Co. v. New York Cent. R. Co. et al., 300 Pa. 242, 150 A. 480, 481, the Court stated that it is a well known rule that "the time specified in a statute of limitations does not begin to run until there is an existing right to sue forthwith * * *." That case involved the same Statute of Limitations which is now before this Court. It need hardly be stated that an action may not be brought to recover a sum of money until the debt becomes due and payable. It is, therefore, my conclusion that the Statute of Limitations of the Commonwealth of Pennsylvania does not begin to run until the date on or before which the assessment is payable. In the present case that date was January 23, 1933. Hence, January 16, 1939, is within the six year period of the Statute of Limitations and this action was brought on time.

The defendant has cited only one case which is on point, Johnson v. Greene, 9 Cir., 88 F.2d 683, but this case was decided under the peculiar California rule that the Statute begins to run as soon as the liability is created irrespective of whether or not there is a present right to sue. Such is not the law which controls this case. The other cases cited by the defendant decided only that the Statute of Limitations did not begin to run before an assessment had been made, but did not consider the question of whether the date of assessment or the date the assessment was made payable was the proper date because such a determination was unnecessary in those cases.

The case of Strasburger v. Schram, 68 App.D.C. 87, 93 F.2d 246, involves facts almost identical with those in the present case and holds that the date the assessment is payable is the time when the Statute begins to run. Justice Groner, in a very well considered opinion, has discussed fully all the questions here involved, and my views are completely in accord with the reasoning and conclusions in that opinion.

Now, May 9, 1939, judgment is directed to be entered in favor of the plaintiff.