## HARDESTY v. CORROTHERS et al.

District Court, N. D. West Virginia. Jan. 20, 1940.

H. H. Rose, of Fairmont, W. Va., for receiver.

C. Brooks Deveny, of Fairmont, W. Va., for defendants.

HARRY E. WATKINS, District Judge.

This is an action brought by the plaintiff as receiver of the insolvent National Bank of Fairmont under 12 U.S.C.A. §§ 63, 64, to recover an assessment duly levied upon the shares of stock of that institution, of which the defendants are claimed to have been the owners on the day upon which the bank closed. All the defendants say that the action is barred by the statute of limitations. The defendants Mary E. Wilson, John W. Corrothers and Audra E. Cross deny ownership of the stock. A jury was waived and the action was submitted to the court upon an agreed statement of facts and evidence.

A. J. Corrothers, a resident of Monongalia County, West Virginia, died in 1898, being survived by a wife and four children, Audra, age 3, John, age 4, Mary, age 7, and Edna, age about 9. By will he gave the income upon ten shares of stock in the Bank of Fairmont, a state banking corporation, of the par value of $100 each, to his wife, and provided that at her death the stock should go to and be shared equally among his then living children. The wife lived until 1903, being survived by a second husband, Orin C. Bradley, and her four children. Prior to her death, the stepfather was appointed guardian for the four infant children. In 1909 the Bank of Fairmont was converted into a national bank under the name of the National Bank of Fairmont. On January 12, 1910, the National Bank of Fairmont, at the request and demand in writing of the guardian, and Edna L. Corrothers, who had then become of age, issued and delivered to Orin C. Bradley as guardian for the other three children, and to Edna L. Corrothers, ten shares of stock of the par value of $100 each in lieu of the ten shares in the Bank of Fairmont. On November 14, 1933, the National Bank of Fairmont was closed, and subsequently the plaintiff was appointed as receiver. Dividends were paid regularly upon the stock to the step-father and guardian, who has made no settlement or accounting to the infants, although more than 37 years have elapsed since his appointment.

On March 19, 1934, an assessment was made against the stockholders for the par value of their stock "to be paid by them on or before the 26th day of April, 1934". Notice of such assessment was sent to the guardian only. This action was instituted April 24, 1939. The statute of limitations in West Virginia in such matters is five years. Code W.Va.1931, 55-2-12. Defendants say that the right of action set forth in the complaint did not "accrue" within five years next before the commencement of this action.

■ The statute of limitations in effect in the state where the cause of action arises, controls in an action brought to recover a stock assessment in a national bank. McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500; Bernheimer v. Converse, 206 U.S. 516, 27 S.Ct. 755, 51 L.Ed. 1163; Rankin v. Miller, D.C., 207 F. 602; King v. Pomeroy, 8 Cir., 121 F. 287; De Weese v. Smith, 8 Cir., 106 F. 438, 66 L.R.A. 971; Strasburger v. Schram, 68 App.D.C. 87, 93 F.2d 246; Anderson v. Abbott, D.C., 23 F.Supp. 265. Liability upon a national bank stock assessment does not "accrue" within the meaning of the West Virginia statute of limitations at date of assessment, but at date when assessment was made payable. McDonald v. Thompson, 184 U.S. 71, 22 S. Ct. 297, 46 L.Ed. 437; McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500; Bernheimer v. Converse, 206 U.S. 516, 27 S.Ct. 755, 51 L.Ed. 1163; Rankin v. Miller, 207 F. 602; King v. Pomeroy, 8 Cir., 121 F. 287; De Weese v. Smith, 8 Cir., 106 F. 438, 66 L.R.A. 971; Strasburger v. Schram, 68 App.D.C. 87, 93 F.2d 246; Anderson v. Abbott, D.C., 23 F.Supp. 265. Consequently the cause of action in this case did not accrue until April 26, 1934, and the West Virginia limitations of five years did not expire until April 26, 1939, two days after suit was instituted.

■ Defendants cite cases holding that the statute begins to run, not on the date the assessment is made payable, but on the day when the assessment was laid. These cases are not in point, because they arise under state statutes providing that action must be brought within a specified time after the liability was "created". Johnson v. Greene, 9 Cir., 88 F.2d 683; Richardson v. Craig, 11 Cal.2d 131, 77 P.2d 1077. The West Virginia statute requires this suit to be brought within five years "next after the right to bring the same shall have accrued". The case of Rinehart v. Wilfong,

W.Va., 1 S.E.2d 174, cited by defendants, is not in point for the reason that the assessment was made November 2, 1931, and fixes no future date when the assessment becomes payable, thus making it due on the date of assessment and action thereon accruing at once. Opinions of courts are not authoritative beyond questions they were considering when they decided them. Furthermore the West Virginia court was giving consideration to a state statute wherein the state banking commissioner has no authority to delay "payable" date. In other cases cited by defendant it does not appear that assessment was made payable at some future date, but was payable when made.

■ Were the defendants Mary E. Wilson, John W. Corrothers and Audra E. Cross owners of this stock when the bank closed? The actual owner of national bank stock may be held for the assessment although his name does not appear upon the transfer book of the bank. Early v. Richardson, 280 U.S. 496, 499, 50 S.Ct. 176, 177, 74 L.Ed. 575, 69 A.L.R. 658; Forrest v. Jack, 294 U.S. 158, 162, 55 S.Ct. 370, 372, 79 L.Ed. 829, 96 A.L.R. 1457. The stepfather and the four children have lived together on the farm on friendly terms. The step-father educated the children in good schools and gave them money as they asked for it. While the father left a large estate, evidence shows that the children knew nothing of the father's will, of the bequest in question, or what the father owned. It does not even appear that the children knew their father left a will. The children were amply cared for, made no claim to any part of their father's estate, and asked no questions. I find that these defendants did not know, or have any reason to believe, that they had any interest in, or that there had been issued to or held by Orin C. Bradley as their guardian, and the defendant Edna L. Corrothers, the ten shares of stock in the National Bank of Fairmont dated January 12, 1910, until at or about the time this suit was instituted. Immediately thereafter they repudiated such transfer and stock ownership by filing written answers to the complaint wherein they allege that "they are not now or never have been the owners of said stock." Since becoming 21 years of age, the evidence shows that such defendants have never acquiesced, accepted, recognized, consented to or approved of such transfer of stock, and have never received any part of the dividends paid to their guardian. There is nothing in the evidence to show that these three defendants had any knowledge that their guardian had signed an agreement authorizing the cancellation of the stock in the state bank and issuance of new stock in another bank, a national bank, until at or about the time this suit was instituted.

■ It cannot be controverted that, without an acceptance by the intended transferee, the intended transfer does not take place, and the children had the right to accept or refuse the bequest and the transfer of stock from one bank to another. Title to the stock bequeathed by will passes immediately, but subject always to acceptance or rejection by the beneficiary. Plaintiff contends that this was a beneficial legacy and transfer; that acceptance of such a legacy or transfer is presumed as a matter of law, and subjects the transferees to individual liability as shareholders, irrespective of actual knowledge of the bequest, or the transfer. With this position I am not in accord. I am not unmindful of the general law to the effect that acceptance of a beneficial legacy or transfer is presumed. Brown v. O'Keefe, 300 U.S. 598, 57 S.Ct. 543, 81 L.Ed. 827; In re Howe's Estate, 112 N.J.Eq. 17, 163 A. 234. But such presumption does not go to the extent of creating the statutory liability upon a shareholder in a national bank in the absence of knowledge of the transfer and some act of recognition or acceptance thereof by him. While such liability is statutory, it is also contractual in its nature.

■ Where acceptance of a beneficial legacy or transfer is presumed, such presumption has no probative value as evidence. It is not a conclusive presumption and may be repudiated by proof showing a refusal to accept. By the same reasoning it must also follow that the presumption of acceptance is equally repudiated by adequate proof of any fact sufficient to establish that no acceptance took place, such as the fact in the instant case that there was no knowledge of the transfer and opportunity to make an election. It is axiomatic that a rule of law which would presume acceptance in the face of such uncontrovertible facts would be an exercise by the court of a right of election which can only be exercised by the legatee or transferee personally. Furthermore, in the instant case the transferees repudiated the ownership of such stock when first learning of the transfer.

■ This question has arisen many times in suits upon bank stock transferred without knowledge of the transferee. In these cases the courts have uniformly held that the transfer of national bank stock to transferees without their knowledge or consent does not of itself impose upon such transferee the individual liability attached by law to the position of a shareholder. Keyser v. Hitz, 133 U.S. 138, 10 S.Ct. 290, 33 L.Ed. 531; Early v. Richardson, supra; Williams v. Vreeland, 250 U.S. 295, 39 S.Ct. 438, 63 L.Ed 989, 3 A.L.R. 1038; Nettles v. Rhett, 4 Cir., 94 F.2d 42, 48; Nettles v. Rhett, D.C., 24 F.Supp. 304; 9 C.J.S., Banks and Banking, page 1117, § 590, 7 A.J. 71. These defendants have never been stockholders in the National Bank of Fairmont. No person could make them stockholders and thus subject them to double liability by giving, bequeathing or issuing stock in their names. It is only by precedent agreement to take the stock, or their acceptance of it, or their acquiescence in being treated as or held out as stockholders, that can make them such. Nettles v. Tillson, 5 Cir., 87 F. 2d 770, 772. Nettles v. Childs, 4 Cir., 100 F.2d 952; Boykin v. Smith, 188 S.C. 53, 198 S.E. 171. Approval, ratification and acquiescence all presuppose the existence of some actual knowledge of the prior action and what amounts to the purpose to abide by it. Williams v. Vreeland, 3 Cir., 244 F. 346, Id., 250 U.S. 295, 305, 39 S.Ct. 438, 63 L.Ed. 989, 3 A.L.R. 1038.

In the case of Bacon v. Barber, 110 Vt. 280, 6 A.2d 9, 123 A.L.R. 253, the distributee had knowledge of a bequest in his favor, and after receiving the bank stock, kept it without dissent. Under such circumstances the court held that it was a proper case to be submitted to the jury.

■ The evidence shows that the defendant Edna L. Corrothers had full knowledge and consented in writing to the transfer of an undivided one-fourth interest in such stock to her name and she is therefore liable to the plaintiff for the sum of $250, with interest thereon from April 26, 1934.

■ Acceptance of. stock in another bank covered by the same bequest would not operate as an acceptance of this bank stock such as to create the statutory liability, in the absence of any knowledge on the part of the defendants as to their father's will, or the bequests in their favor. Without some knowledge of this bequest of stock, or some knowledge of the transfer of the stock bequeathed to them in exchange for stock in the National Bank of Fairmont, they are not subject to the statutory liability. There is no evidence to show that defendants knew that the other stock transferred to them was bequeathed to them by their father's will. They needed money and asked their step-father for money as they had always done. Instead of getting money they were given other stock.

■ The defendant Orin C. Bradley, guardian of the three children, consented in writing to the transfer and is therefore liable to the plaintiff for the sum of $750, with interest thereon from April 26, 1934. There is no liability on the part of the defendants Mary E. Wilson, John W. Corrothers and Audra E. Cross.

An order may be entered accordingly.