### SCHRAM v. ROBERTSON.

No. 9240.

Circuit Court of Appeals, Ninth Circuit.

April 30, 1940.

Rehearing Denied June 5, 1940.

---

Jarvis R. Wilder, of Los Angeles, Cal. (Robert S. Marx, of Detroit, Mich., of counsel), for appellant.

E. C. Pyle and L. B. Robertson, both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment dismissing appellant's bill with prejudice and denying appellant's motion for leave to file a supplemental bill. The dismissal was granted upon the ground that appellant's cause of action was barred by a California statute of limitations. Appellant, hereinafter called Schram, as the receiver of the First National Bank-Detroit, hereinafter called First National, is suing appellee as stockholder in Detroit Bankers Company, a Michigan corporation, hereinafter called Bankers Company, for an assessment levied upon the stock of the First National formerly held by Bankers Company, now dissolved, with its assets held by its receiver. Appellee held shares in Bankers Company at the time of the levy of the assessment on the shares of First National. She had paid part of the assessment and the suit here is for an accounting to determine a claimed balance and for its recovery.

This appeal is one of a series in this court beginning with Schram v. Poole, 9 Cir., 97 F.2d 566, succeeded by Schram v. Smith, 9 Cir., 97 F.2d 662, and Schram v. Leyda, 9 Cir., 97 F.2d 665. The facts concerning the creation of Bankers Company, a corporation having several thousand stockholders, as a holding company of controlling blocks of stock of various banks in Michigan, amounting at one time to twenty-five, the agreement between the company and its stockholders in Article IX-A of Bankers Company's articles of association, and the assessment under the federal statutes of stock of First National, held by Bankers Company, are stated in Schram v. Poole, supra.

It is not contended that the questions decided in these cases are res judicata against the parties here, each of whom earnestly seeks a consideration entirely de novo of matters stated or held in our prior opinions.

The contentions on this appeal concern the construction and effect of Article IX-A of Bankers Company's articles of association.

Schram contends that the assessment on First National stock imposed a direct statutory liability on the stockholders of Bankers Company to First National as if there were no intermediate Bankers Company's corporate structure, and seeks an accounting to determine its amount. He also contends that Article IX-A created an independent contract liability between the Bankers Company and its stockholders but for the benefit of First National, a third party, who may sue thereon.

■ It is admitted that any direct statutory liability for the assessment was barred by the three year limitation of § 359 of California Code of Civil Procedure. King v. Armstrong, 9 Cal.App. 368, 371, 99 P. 527, (stockholder of national bank in Kansas); Wells Fargo v. Enright, 127 Cal. 669, 674, 60 P. 439, 49 L.R.A. 647. This suit was brought within the four year California limitation on suits on written contracts, Cal.Code of Civ. Proc. § 337, that time beginning to run in California, Cal.Code of Civ.Proc. § 351, upon Robertson commencing a residence there about six months before the filing of Schram's bill. It was filed within the statutory limitations of Michigan.

Robertson's answer denied certain of the facts and claimed the benefit of the three year statute. She moved for a dismissal of the bill for failure to state a claim against her. She also moved for judgment upon the pleadings. The motion embodied the citation of § 359, the three year limitation. The district court, without considering Article IX-A, held the three year statute applicable and gave its judgment dismissing the bill with prejudice.

Robertson contends that we should overrule our prior holding that Article IX-A created a contractual liability to pay the assessment, different in origin and separate in character from the direct liability of a national bank stockholder.

Schram claims that because Article IX-A creates such a separate and different contract liability, his suit was properly filed within the four year limitation of §§ 337 and 351, supra. Our answer to Schram's contention makes unnecessary the consideration of Robertson's.

■ Under the California law a contract may fix the time within which a suit may be brought, whether it be a shorter or longer period than that of the statute.* In our opinion Article IX-A is an agreement that § 359, California Code of Civil Procedure, limits the extent of time for the commencement of Schram's action on any contractual liability for the assessment which IX-A may create.

Article IX-A provides for two different subject matters. The first is the extent of the stockholders' liability in amount. That provision is complete in itself. It determines that amount in the following language: "The holder of each share of common stock of this corporation shall be individually and severally liable for such stockholders' ratable and proportionate part (determined on the basis of their respective stockholdings of the total issued and outstanding stock of this corporation) for any statutory liability imposed upon this corporation by reason of its ownership of shares of the capital stock of any bank or trust company, * * *."

The second subject concerns enforcement of the contract for the amount of liability so determined by the previous and separate provision. It provides the "manner" and "extent" of enforcement of that determined liability: "* * * and the stockholders of this company, by the acceptance of their certificates of stock in this company, severally agree that such liability may be enforced in the same manner and to the same extent as statutory liability may now or hereafter be enforceable against stockholders of banks or trust companies under the laws under which said banks or trust companies are organized or operate. * * *."

---

* Beeson v. Schloss, 183 Cal. 618, 622, 192 P. 292 (shorter than statute); Wells Fargo & Co. v. Enright, 127 Cal. 669, 674, 60 P. 439, 49 L.R.A. 647 (longer than statute). Likewise the law of Michigan: Law v. New England Mut. Acc. Ass'n, 94 Mich. 266, 53 N.W. 1104; McIntyre v. Michigan State Ins. Co., 52 Mich. 188, 17 N.W. 781; See Forest Tp. v. American Bonding Co., 187 Mich. 657, 154 N.W. 26, 27.

The "manner" here adopted was a suit at law in which Robertson is sued as if on the "statutory liability" enforceable against her as "stockholder" of First National. The "extent" of the right to bring the suit is that of the laws under which First National was "organized or operated." The complaint alleges and the answer admits that First National was "organized" under the laws of the United States. It necessarily was "operated" under such laws. The Supreme Court holds that the phrase "liable in like manner and to the same extent" used in 12 U.S.C.A. § 66, includes the extent of time within which a suit may be brought. That is to say, that "extent" includes the statute of limitations. Pufahl, Receiver, v. Estate of Park, 299 U.S. 217, 224, 227, 57 S.Ct. 151, 81 L.Ed. 133.

It thus appears that Article IX-A created a contract providing for a suit enforcing a liability as if directly against a stockholder of a national bank, to which the statutes of limitation to be applied are those recognized under the law of the United States.

The Federal Banking Act places no limitation on the time within which such a suit may be brought against a stockholder. The Supreme Court holds that in suits against stockholders the law of the United States is that the limitation of time within which such a stockholder may be sued is that of the law of the forum. Pufahl, Receiver, v. Estate of Park, supra, 299 U.S. at pages 224, 227, 57 S.Ct. at page 151, 81 L.Ed. 133; Tobin v. Hymers, 9 Cir., 99 F.2d 740, 742. Since it is admitted that if Robertson had been a stockholder, Schram's suit would have been barred under § 359, it is so barred by the provision of Article IX-A. Cf. Schram v. Cotton, 281 N.Y. 499, 24 N.E.2d 305, 308.

In the case of Schram v. Smith, 9 Cir., 97 F.2d 662, 664, we held that an Arizona statute limiting the time for suits on statutory liability did not apply because there was a separate contract created by IX-A upon which, in Arizona, suit could be brought within the time in which Schram there brought his suit. That case expressly states, 97 F.2d at page 664, that appellee's entire argument was confined to the mere *existence* of a separate contract. Here for the first time is considered the *terms* of the contract as shortening the time within which a suit otherwise might be brought. Nor did we, in Schram v. Smith, supra, consider what the Arizona law might be with regard to a contract limiting the time for commencing an action for a liability it creates to a period less than the statute. Upon that subject the law of California is clear. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." Webster v. Fall, 266 U.S. 507, 511, 45 S.Ct. 148, 149, 69 L.Ed. 411.

Affirmed.