## SCHRAM v. POOLE et al.

No. 9297.

Circuit Court of Appeals, Ninth Circuit.

April 30, 1940.

Rehearing Denied June 5, 1940.

Olson & Ahlport, of Los Angeles, Cal. (Robert S. Marx and Frank M. Wiseman, both of Detroit, Mich., of counsel), for appellant.

George E. Farrand and Edward W. Tuttle, both of Los Angeles, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment dismissing with prejudice the bill of complaint of appellant Schram. The filing of this case succeeded an appeal sustaining a judgment dismissing a bill filed in an earlier suit against the same parties, except Poole, Jr., then a minor. Our opinion on the former appeal, stating the pleadings and most of the facts pertinent here, is reported in 97 F.2d 566. In it we held that there could be no recovery against Poole, as guardian, or against Poole Jr.'s estate because of the failure to join the minor. In the present suit the minor was joined. He attained his majority and his estate was distributed to him prior to the trial below.

The bill, as in the companion cases, Schram v. Smith, 9 Cir., 97 F.2d 662, Schram v. Leyda, 9 Cir., 97 F.2d 665, and Schram v. Robertson, 9 Cir., 111 F.2d 722, this day decided, is one in which Schram, as receiver of First National Bank-Detroit, hereafter called First National, seeks to recover against each of the appellees for an assessment by the Comptroller of the Currency on the outstanding stock of First National held by Detroit Bankers Company, a Michigan corporation, hereafter called Bankers Company.

John Hudson Poole, hereafter called Poole, Sr., as guardian of John Hud-

son Poole, Jr., a minor, became a stockholder in Bankers Company. In 1932 and 1933 he received dividends on the stock. Subsequently Bankers Company was dissolved and Poole, Sr., ceased to have the status of stockholder, Hollingsworth v. Multa Trina Ditch Co., 10 Cir., 51 F.2d 649, holding merely a former stockholder's interest in Bankers Company's assets, if any, after payment of its obligations, and subjecting him to such claimed liabilities as asserted in this suit.

■ Concerning Schram's bill here against Poole, Sr., personally, it appears that in the first suit Poole, Sr., moved for a dismissal as to his personal liability on the ground that the bill did not allege facts sufficient to constitute a cause of action. Schram consented that the motion made on this ground should be granted. The court granted the motion and dismissed the bill. Such a dismissal is on the merits. Swift & Co. v. United States, 276 U.S. 311, 323, 324, 48 S.Ct. 311, 72 L.Ed. 587.

Schram claims this decision is not res judicata of the claim here against Poole, Sr., individually, because the bill in the first suit, while stating the same cause of action against Poole, Sr., did not have the specific prayer for relief against him made in the instant case.

However, the first bill had a prayer for general relief which would have sustained a judgment against Poole, Sr. The judgment of dismissal of the claim against Poole, Sr., individually, in the first Poole case is res judicata of the same claim in the bill in the present case. There was no error in dismissing it as to Poole, Sr., individually.

■ It is contended that, on the guardian's final accounting, there was a ratification by the court of the acceptance of the stock by the guardian and that, though the stock long before had ceased to exist, nevertheless the minor's estate was made liable for the assessment. Assuming this to be true, Poole, Sr., is no longer guardian of the estate which has been distributed to the minor and cannot here be held liable as such guardian.

■ Concerning the distribution to the minor, the district court held that under the California law there is no lien on the assets transferred to Poole, Jr., on his majority. Schram cites no California case or statute holding such a lien exists and we know of none. This is not the case of a lease by the guardian on land distributed to the ward as in Bessho v. General Petroleum Co., 186 Cal. 133, 199 P. 22.

■ Poole, Jr., cannot be made liable personally under the theory that his guardian was his agent with authority so to bind him. Early v. Richardson, 280 U.S. 496, 499, 50 S.Ct. 176, 74 L.Ed. 575, 69 A.L.R. 658; Foster v. Chase, C.C., 75 F. 797. In California a minor cannot give a delegation of power. California Civil Code, § 33. Cf. Winckler v. Los Angeles Investment Co., 43 Cal.App. 408, 185 P. 312.

■ There was no proof of an equitable obligation on Poole, Jr., for accepting a distribution of his estate's unliened assets, including the claim against the properties of Bankers Company held by its receiver, arising from the former stockholder status of his guardian, long ceased because of that Company's dissolution. Such an obligation, if it may be created, would be by some act done in conscious acceptance of his guardian's conduct. There is no showing that Poole, Jr., when he accepted the distribution of his estate, was clearly or at all aware that, many years before, his guardian had received a dividend on the stock to that extent enhancing the estate, or that what he was accepting with regard to the dissolved Bankers Company was not shown to be an asset and, so far as appears, created only a stockholder's liability. Early v. Richardson, supra, 280 U. S. at page 499, 50 S.Ct. at page 176, 74 L.Ed. 575, 69 A.L.R. 658; Micon v. Lamar, C.C., 1 F. 14, 23. Cf. Hakes Inv. Co. v. Lyons, 166 Cal. 557, 561, 137 P. 911. 28 Corpus Juris, Guardian and Ward, 1159, § 275.

Affirmed.