## MacPHERSON v. SCHRAM.

### No. 9354.

Circuit Court of Appeals, Fifth Circuit.

June 18, 1940.

J. V. Walton, of Palatka, Fla., for appellant.

J. Turner Butler, of Jacksonville, Fla., and Robert S. Marx, of Detroit, Mich., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

C. Rust MacPherson has appealed from a judgment holding him liable for his proportionate share of a statutory assessment levied under 12 U.S.C. § 64, 12 U.S.C.A. § 64, against the stockholders of First National Bank—Detroit, a national banking association.

When the First National Bank—Detroit closed, MacPherson was the owner of 613 shares of the capital stock of Detroit Bankers Company, a holding company, and because of his ownership of these shares he was held liable for a proportionate part of the double liability assessment.

Detroit Bankers Company was a bare holding company designed to serve as a means of pooling the stockholdings in certain banks and trust companies in Michigan. Its stock was issued in exchange for stock owned by individuals in the constituent banks. No stock of Detroit Bankers Company was sold for money and it had no assets other than the stocks of its constituent banks. A detailed history of Detroit Bankers Company and its plan of organization will be found in the case of Barbour v. Thomas, D.C., 7 F.Supp. 271, and Id., 6 Cir., 86 F.2d 510.

First National Bank—Detroit was one of the constituent banks. On February 11, 1933, it closed its doors to business and thereafter a receiver was duly appointed. The Comptroller of the Currency levied a 100% stock assessment against the stockholders of First National Bank—Detroit. The payment date of the assessment was June 23, 1933, but this date was later extended to July 31, 1933. The receiver notified holders of Detroit Bankers Stock of the assessment, and demanded payment from each shareholder of his proportionate part of the levy. Detroit Bankers Company owned 98% of the stock of First National Bank—Detroit; each of its shares represented .14055775 shares of First National stock. MacPherson failed and refused to pay his part of the assessment and the receiver, acting under 12 U.S.C. § 192, 12 U.S.C.A. § 192, brought this action to enforce his liability.

The court below held that MacPherson, by accepting the holding company stock, "became the beneficial owner pro tanto, in common with other shareholders, of all the pooled stock, legal title to which was in the holding company." The court further held that, in addition to the statutory liability based upon his real beneficial ownership of First National stock, MacPherson had assumed the "super-added contractual liability imposed to the same extent by Article IX-A of the holding company's charter." Article IX-A, which was printed upon every Detroit Bankers' stock certificate, reads as follows: "The holder of each share of common stock of this corporation shall be individually and severally liable for such stockholder's ratable and proportionate part (determined on the basis of their respective stockholdings of the total issued and outstanding stock of this corporation) for any statutory liability imposed upon this corporation by reason of its ownership of shares of the capital stock of any bank or trust company, and the stockholders of this company, by the acceptance of their certificates of stock of this company, severally agree that such liability may be enforced in the same manner and to the same extent as statutory liability may now or hereafter be enforceable against stockholders of banks or trust companies under the laws under which said banks or trust companies are organized to operate."

On the undisputed facts in the record MacPherson was properly held liable to the receiver for his proportionate share of the statutory assessment against the shareholders of First National Bank—Detroit. In Barbour v. Thomas, a class suit brought by stockholders of Detroit Bankers Company, these issues were fully determined and it was held that Detroit Bankers Company shareholders were individually liable for the First National Bank—Detroit stock assessment. Barbour v. Thomas, D. C., 7 F.Supp. 271, affirmed 6 Cir., 86 F.2d 510, certiorari denied 300 U.S. 670, 57 S. Ct. 513, 81 L.Ed. 877. Also see Ullrich v. Thomas, 6 Cir., 86 F.2d 678, certiorari

denied 301 U.S. 692, 57 S.Ct. 794, 81 L.Ed. 1348.

The bill of complaint was filed May 18, 1936, and there is no merit in the contention of the appellant that the cause of action was barred by the Florida statute of limitations, Sec. 4663(3) (5), Florida Compiled General Laws. Barbour v. Thomas, supra; Strasburger v. Schram, 68 App.D. C. 87, 93 F.2d 246; Schram v. Smith, 9 Cir., 97 F.2d 662; Schram v. Leyda, 9 Cir., 97 F.2d 665; Schram v. Poole, 9 Cir., 97 F.2d 566; Simons v. Groesbeck, 268 Mich. 495, 256 N.W. 496.

In this case there was no genuine issue as to any material fact and the court properly granted the motion for summary judgment. Rule 56, Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

The judgment is affirmed.